SERGE M. D'ELIA and HARUYO D'ELIA, Plaintiffs-Appellants, v.
ASSOCIATION OF APARTMENT OWNERS OF FAIRWAY
MANOR, Defendant-Appellee

NO. 7732

CIVIL NO. 52602

AUGUST 10, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is a companion case to No. 7206 decided this day. In the previous case, the court below granted a partial summary judgment to the appellee on Counts I and II of the appellants' complaint and entered an order pursuant to Rule 54(b), Hawaii Rules of Civil Procedure, which contained the appropriate recitals so as to allow that order to be appealed. Appellants then filed the appeal in No. 7206. Thereafter, appellee moved for the award of attorney's fees based on § 514A-94, Hawaii Revised Statutes (HRS) and purportedly based on an amendment to the by-laws of the Association of Apartment Owners adding Section 8 to Article VII thereof. Unfortunately, while the original by-laws are attached to the complaint and admitted by the answer, the amendment is an uncertified, unsworn to document attached to appellee's motion for summary judgment. It, therefore, was not properly before the court and cannot be considered.

However, we have a different reason for reversing the award of attorney's fees. Clearly, as a matter of law, no attorney's fees could be awarded upon Count III of the complaint which was all that was left

after the Rule 54(b) order with respect to Counts I and II was entered. Count III was a simple count for damages to appellants' property by reason of activities of the appellee thereon. Since there is no agreement, statute, rule or precedent upon which attorney's fees with respect to such count can be awarded, it follows that the attorney's fees granted by the court below were necessarily limited to services rendered with respect to Counts I and II.

However, the motion for the award of attorney's fees, as well as the order, were both filed after appellants had filed their notice of appeal in No. 7206.

Clearly, even after the appeal, the court below retained jurisdiction over Count III and matters connected therewith. *Sturkie v. Han*, 2 Haw. App. 140, 627 P.2d 296 (1981). The award of attorney's fees to appellee with respect to services rendered in connection with Counts I and II, however, was dependent upon the outcome of the litigation with respect to those counts and was part and parcel, under the pleadings, of the relief to be granted by the court below on those counts as between the parties. Contrary to appellee's contention, it is not another "issue" or "claim" over which the court retains jurisdiction. The circuit court can no more entertain a motion to award attorney's fees after appeal in such a situation than it could entertain a motion to expand an injunction or modify a decree of specific performance or an award of damages. The fact that appellee had prayed for attorney's fees does not convert the matter of attorney's fees into a separate "issue" or "claim" anymore than the fact that relief other than that granted in an order was prayed for by one of the parties converts such a prayer into another "issue" or "claim".

Appellee could and should have moved for the award of its attorney's fees prior to the entry of the Rule 54(b) form of order and it still can move for the award of those attorney's fees on remand in No. 7206.

We hold the court below lacked jurisdiction to entertain the motion for attorney's fees and therefore reverse without passing either upon the applicability of § 514A-94, Hawaii Revised Statutes, to the situation or the amount of the attorney's fees awarded.

Reversed and remanded.

*Naomi Sakamoto (Alvin T. Ito* with her on the briefs, *Shannon* and *Sakamoto* of counsel) for appellants.

*Michael R. Marsh (Case, Kay & Lynch* of counsel) for appellee.