HERBERT H. K. LOUI and ALBERTA K. A. LOUI, Plaintiffs-Appellees, *v.* LILLIAN HAGOPIAN COREY, Defendant-Appellant

NO. 7808

CIVIL NO. 52308

AND

LILLIAN HAGOPIAN COREY, Plaintiff-Appellant, *v.* HERBERT H. K. LOUI and ALBERTA K. A. LOUI, Defendants-Appellees

NO. 7868

CIVIL NO. 59849

OCTOBER 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a partial judgment in Civil No. 52308, granting specific performance of a DROA entered into by Appellant Lillian Corey and Appellees Herbert and Alberta Loui; from an order dismissing the complaint filed by appellant against the appellees in Civil No. 59849; and from an order awarding appellees attorney's fees in that action. The Supreme Court has previously held that the partial judgment in 52308 was a final order for purposes of appeal.

With respect to the appeal from the partial judgment in Civil No. 52308, we reverse and remand for the purpose of deleting paragraphs 4.6 and 6.2 from the agreement of sale attached to the partial judgment and otherwise affirm. We affirm the dismissal of 59849 but reverse the order awarding attorney's fees because of lack of jurisdiction on the part of the circuit court at the time the order was entered, an appeal having already been taken from the order dismissing the complaint.

Appellant complains of numerous findings of fact and conclusions of law entered by the court below after a jury-waived trial. We find no clear error in any of the findings of fact complained of. All are supported by substantial evidence. Likewise, we find no error in the conclusions of law which flow therefrom.

Appellant complains that paragraphs 4.6 and 6.2 of the agreement of sale attached to the partial judgment impose upon her conditions which are not within the scope of the DROA.

Section 4.6 of the agreement of sale provides:

4.6 *Costs and Attorney's Fees.* That if any party hereto shall ever be in default with respect to this Agreement, and the other party shall incur costs or employ an attorney to make any demand or to otherwise protect or enforce its rights herein, the party in default shall pay all costs and expenses incurred by the other party, including costs of court and a reasonable attorney's fee.

Section 6.2 reads as follows:

6.2 *Litigation Against Third Parties.* If the property is possessed or occupied by any person not a party hereto under any claim of right to possession of the property, the Purchaser is authorized by the Seller to take such action as may be necessary against any such person on the Purchaser's own behalf and/or on behalf of the Seller to obtain possession of, and to clear title to, the Property. The costs, expenses, and attorneys' fees incurred in any such action shall be borne by the Seller. The Purchaser is further authorized to defend any action brought against the Purchaser or the Seller relating to title or possession of the Property, with all costs, expenses, and attorneys' fees to be borne by the Seller.

No such provisions appear in the DROA.

In fact, as to 4.6, the standard DROA language[1] as to the remedies of the parties in the event of default (which incidently does not mention attorney's fees) had been deliberately crossed out. Thus, as to remedies, the parties were left with whatever recourse the law affords. Attorney's fees are not recoverable in equitable actions absent an agreement or statute. 20 AM. JUR.2d, COSTS § 73 (1965); *Mid-Pacific Dress Mfg. Co. v. Cadinha,* 33 Haw. 456 (1935). There is no provision in the DROA for the "usual covenants" nor any proof in the record that an agreement in Honolulu would usually include a provision for attorney's fees such as 4.6. *Compare, Francone v. McClay,* 41 Haw. 72 (1955).

As to 6.2, the DROA did provide:

1. The property is to be conveyed with warranties vesting good title in Buyer, free and clear of all liens and encumbrances, except covenants, easements, reservations and restrictions now of record, if any, which do not materially affect the value of the property, and the following _____.

and under SPECIAL CONDITIONS:

(2) In case there are existing leases relating to said property, seller to terminate all leases before the closing of this transaction.

It may well be that the appellant will be liable for litigation expenses if the title she gives to the buyer is not as warranted or

---

[1] Paragraph 7, Hawaii Association of Real Estate Boards, 1971 Form.

litigation is necessary because she fails or has failed to terminate "existing leases". However, as appellees' counsel admitted on oral argument, 6.2 is "unusual". Lacking evidence that it was a "usual" covenant in agreements of sale, its insertion should not have been ordered by the court. Accordingly, it was error to include sections 4.6 and 6.2 in the agreement of sale.

The other claims of error with respect to the partial judgment are without merit.

Since the case must be remanded for amendment and re-execution of the agreement of sale, we do not reach the points raised with respect to the writ of assistance.

Turning to Civil No. 59849, it is clear that this action was nothing more nor less than an attack on the judgment previously entered in a different division of the First Circuit which had jurisdiction of the parties and the cause. Accordingly, the court below was correct in dismissing it *sua sponte*. Anything else would have made a plaything out of our judicial system.

However, once the notice of appeal had been filed, the court below lost jurisdiction of the case and the order allowing attorney's fees must be reversed. *D'Elia v. Association of Apartment Owners of Fairway Manor*, 2 Haw. App. 350, 632 P.2d 298 (1981).

Affirmed in part and reversed in part and remanded for further proceedings in accordance herewith.

*Paul McCarthy* for appellant Lillian Corey.

*Phillip L. Deaver (Carlsmith, Carlsmith, Wichman & Case* of counsel) for appellees Herbert and Alberta Loui.