STATE OF HAWAII, Plaintiff-Appellant, *v.* MICHAEL FRANCIS RODRIGUES, Defendant-Appellee

NO. 9245

(CRIMINAL NO. 56143)

JANUARY 3, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* Plaintiff-Appellant State of Hawaii appeals the suppression of evidence (Defendant-Appellee Michael Rodrigues' mask and blue jogging suit) obtained from a warrantless search and seizure. We affirm.

I.

On April 10, 1981, at about 5:30 p.m., a substitute teacher was attacked with a knife by an individual at Aiea High School. A few

minutes later the victim described her assailant as being five feet eight inches tall, about 185 pounds, blond with blue eyes, and wearing a skeleton mask and a blue jogging suit. Aiea High School principal Richard Honda told the police that the description matched Appellee who lived adjacent to the school.

Three police officers proceeded to Appellee's residence and were met at the door by Appellee. After identifying himself to the officers, Appellee was asked to step aside, and a police sergeant proceeded to speak with Mrs. Fye, the babysitter.

At the time of the incident, Appellee's mother and step-father were out of the state. Mrs. Fye was retained to care for Appellee and his younger brothers. The police informed Mrs. Fye that Appellee might have been involved in the incident at the high school. Mrs. Fye was then asked whether Appellee owned a skeleton mask and a blue jogging suit. When she replied that Appellee's step-father had a skeleton mask, the police asked her to look in Appellee's room for the mask and the blue jogging suit. These items were eventually found after a search under Appellee's bed and of his dresser drawers.

Mrs. Fye had a note from Appellee's mother authorizing Mrs. Fye and her husband to "handle all medical care and legal matters" for the children. Appellee's room, however, was never entered by Mrs. Fye, or even by Appellee's family without Appellee's consent. Appellee's mother specifically instructed Mrs. Fye that Appellee's room was to be left alone, that she did not have to clean it, and that laundry was to be left outside the door in the absence of Appellee.

Mrs. Fye was never asked whether she had authority to enter and search, or to consent to a search of Appellee's room. She was also never informed that she could refuse to look for the requested items. Mrs. Fye was visibly upset at the time when she found herself in such a situation with the police for the first time. Appellee, although present throughout the search, was never asked to consent to a search of his room.

After the mask and the jogging suit were produced by Mrs. Fye, Appellee was arrested and later indicted for attempted murder. The trial court held that the search was conducted in violation of Appellee's constitutional right to be free from unreasonable searches and seizures and suppressed the use of the mask and jogging suit as evidence.

## II.

It is undisputed that this search was conducted without a warrant. Warrantless searches may nevertheless be sanctioned when there is probable cause to search and exigent circumstances exist which will justify a search and seizure without a warrant. *State v. Clark,* 65 Haw. 488, 494, 654 P.2d 355, 360 (1982). The question of exigency is addressed to the fact-finding function of the trial court. *State v. Lloyd,* 61 Haw. 505, 512, 606 P.2d 913, 918 (1980).

The State argues that some evidence was presented which could lead the trial court to conclude that there were exigent circumstances, and therefore, the case should be remanded to the trial court to determine the factual questions on the issue of exigency. In addition, the State argues that the "good faith" exception to the exclusionary rule should be applied in this case. The trial court made no findings and conclusions on the issue of exigent circumstances, nor on the issue of the "good faith" exception.

A review of the record reveals that the State had never presented the issue of exigent circumstances, nor the issue of a "good faith" exception to the exclusionary rule to the trial court. It is a generally accepted rule that issues not raised at the trial level will not be considered on appeal. *State v. DeSilva,* 64 Haw. 40, 41, 636 P.2d 728, 729 (1981); *State v. Hook,* 60 Haw. 197, 204, 587 P.2d 1224, 1229 (1978). At the trial level, the State's Memorandum in Opposition to Defendant's Motion to Suppress and its oral argument propounded only the theory of consent to the search in question. Nothing in the record even hints that the State was also relying on a finding of exigent circumstances to justify the warrantless search and seizure, or on a "good faith" exception theory. In view of the record, we deem the issues of exigency and a "good faith" exception to have been waived. *See State v. Miyazaki,* 64 Haw. 611, 616, 645 P.2d 1340, 1344 (1982); *State v. Hook, supra.*

## III.

The trial court found that Mrs. Fye had no authority to consent to a search, and even if she had consented, the court found that such consent was given involuntarily. We do not find the trial

court's findings to be clearly erroneous in view of the evidence in the record.

Affirmed.

*Shirley Smith (Arthur E. Ross,* and *Steven Hochfelsen* on the briefs), Deputy Prosecuting Attorneys for plaintiff-appellant.

*Richard Pollack (William H. Jameson, Jr.* on the brief), Deputy Public Defender for defendant-appellee.