STATE OF HAWAII, Plaintiff–Appellee, v. DATHANIEL WOOLSEY, Defendant–Appellant

NO. 14160

(CR. NO. 89–0123)

DECEMBER 4, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

The question presented in this appeal is whether the search warrant which authorized the police to search Appellant's residence was overly broad. Appellant was one of various members who occupied the residence. The Affidavit which provided the basis for the search warrant specified the exact bedroom of a member where contraband transactions occurred. The search warrant, however, authorized a search of the entire residence.

Before trial Appellant's motion to suppress evidence seized as a result of the execution of the search warrant was denied. Appellant now claims that the trial court erred by denying his motion. We hold that the trial court was correct in concluding that the search warrant was not overly broad, and that the search of the entire residence was reasonable. We therefore affirm.

I.

The search warrant in question was based upon statements furnished by an undercover informant who was called "Blue Boy" to Officer Wallace Terui (Affiant) of the Vice Unit of the Kauai Police Department. The pertinent statements were:

> That "BLUE BOY" has been able to observe cocaine transactions made by Lori SCHMITT on four to five occasions. That the "sales" occur by Lori SCHMITT either bringing out three packet of cocaine (allowing the buyer to choose a packet for themselves) or by invitation into Lori's bedroom where the cocaine is brought out for inspection from a "secret location."

> That on occasions of being brought into Lori SCHMITT'S bedroom, "BLUE BOY" was able to observe cocaine sealed in plastic packets being brought out from the "secret locations" which consisted of a jewelry box located on a dresser and a metal Band–aid can taken down from the top closet shelf. That the observations were made from less than three feet away.

The search warrant authorized a search of the entire premises and residence of 3803 Manamana Road in Anahola, Kauai, for cocaine, drug paraphernalia, drug proceeds and records and identification of persons in control of these items.

Appellant Woolsey, Trevor Woolsey and Herbert Daligdig were in the residence at the time the warrant was executed. The officers first determined who lived in each bedroom and then searched the bedroom of Trevor Woolsey and Herbert Daligdig, because the officers detected a strong odor of burning marijuana coming from that bedroom. The officers next searched the bedroom of Lori Schmitt and, lastly, the bedroom of Appellant Woolsey. While searching Appellant's bedroom, Affiant found a 9 mm semiautomatic pistol, ammunition, marijuana and marijuana literature.

Appellant Dathaniel Woolsey was convicted of Count I, Prohibited Ownership or Possession of Firearm, in violation of Hawaii Revised Statutes (HRS) § 134–7; Count II, Prohibited Ownership or Possession of Ammunition, in violation of HRS § 134–7; Count III, Promoting a Detrimental Drug in the Second Degree, in violation of HRS § 712–1248(1)(c); and Count IV, Promoting a Detrimental Drug in the Third Degree, in violation of HRS § 712–1249. From his conviction, he has now taken this appeal.

## II.

Under safeguards of the state and federal constitutions,[1] no search warrants shall issue except upon a finding of probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. The constitutional requirement that the warrant must describe with particularity the place to be searched is to limit the police as to where they can search, for otherwise the constitutional protection against warrantless searches is meaningless.

---

[1] Haw. Const. art. I, § 7; U.S. Const. amend. IV.

The authority of the magistrate in issuing the warrant and failing to limit the search to the room of Lori Schmitt where the drug transaction occurred is being questioned. Appellant claims that the warrant and the subsequent search were invalid because the search warrant exceeded the permissible scope under the constitution in that, based upon Affiant's statement, the magistrate could only authorize a warrant to search Lori Schmitt's room and not the rest of the residence. We disagree.

The fact that the drug sales were an ongoing operation made it reasonable to believe that drug paraphernalia, proceeds and records existed in the residence. It is also reasonable to believe that in a residence where all occupants have access to all parts of such residence, drugs may be secreted in any part of the residence. The constitution does not prohibit all searches but only unreasonable searches.[2] We hold that the authorized search of the residence based on the warrant was reasonable, especially in the absence of any evidence that Appellant was entitled to an expectation of privacy from the other occupants in areas in which the weapons were discovered and seized.

Courts have held that in "multiple occupancy dwellings" in which several persons or families share common living areas but have separate bedrooms a single warrant authorizing the search of the entire premises is valid and reasonable.

> [W]here a significant portion of the premises is used in common and other portions, while ordinarily used by but one person or family, are an integral part of the described premises and are not secured against access by the other occupants, then the showing of probable cause extends to the entire premises.

---

[2] "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures . . . ." Haw. Const. art. I, § 7; U.S. Const. amend. IV. *See State v. Fields*, 57 Haw. 268, 686 P.2d 1379 (1984); *State v. Kaaheena*, 59 Haw. 23, 575 P.2d 462 (1978).

2 W. LaFave, *Search and Seizure* § 4.5(b), at 219–20 (2d ed. 1987).

Affirmed.

*William H. Feldhacker* for Defendant–Appellant.

*Stuart S. Spring*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.

### DISSENTING OPINION OF WAKATSUKI, J.

I dissent.

The majority states:

In searching a multiple–occupancy dwelling in which all occupants have access to all parts of such residence, a single warrant authorizing the search of the entire premises is valid and reasonable.

*See* syllabus, *supra.*

I concur with that statement of law. But in this case there was no evidence that all the occupants of the house had access to Woolsey's bedroom where the evidence sought to be suppressed was found.

The affidavit in support of the search warrant implicated Lori Schmitt; Woolsey was not implicated in any way. Prior to commencing a search of Woolsey's room, the police had ascertained that the bedroom was Woolsey's. The police had no knowledge or reason to believe that Schmitt or anyone else had access to Woolsey's room.

Unless the police had a reasonable belief that the occupants had access to Woolsey's room, or could establish some link to the criminality under investigation, the police were obligated to limit

the search to common areas and areas accessible to Schmitt. *See Maryland v. Garrison*, 480 U.S. 79 (1987); 2 W. LaFave, *Search and Seizure* § 4.5(b), at 219 (2d ed. 1987). *Cf. State v. Rodrigues*, 67 Haw. 496, 692 P.2d 1156 (1985).

Nothing in the record supports the search of Woolscy's bedroom. I would reverse the circuit court's order denying suppression of evidence found in Woolsey's bedroom, and remand for a new trial.