PETERSON, Judge.
The state of Florida appeals an order suppressing evidence of cocaine, marijuana and paraphernalia found in a bedroom of a single family residence that the appellant, Linda MeKewen, claims was her separate dwelling and not subject to search pursuant to a search warrant obtained for the residence. We reverse.
Prior to entering the single family residence described in the search warrant, the police believed the premises were possessed by the target of the search, Andrew McCormick. The search of the residence, during a period of time when none of the occupants were home, revealed that one bedroom contained drug related paraphernalia and identification pictures of Andrew McCormick and a female who did not reside in the household. The other bedroom contained the illicit items suppressed by the trial court, together with women’s clothing and a luggage name tag with the name of Linda MeKewen, the appellant. The appellant was subsequently charged with the possession of the illicit items.
The appellant alleged at the suppression hearing that she owned the residence and although she rented it to McCormick, she *639 retained one bedroom as her separate residence. Her bedroom door had a lock on it that required a key which she only possessed. She admitted, however, that she may have forgotten to lock the door on the day the search warrant was executed and the officer who conducted the search of her bedroom confirmed that it was not locked.
The trial court suppressed the evidence, finding that the warrant was executed in an overbroad manner because the police knew or should have known that the appellant’s bedroom was a separate dwelling in the single family residence, and that only McCormick’s dwelling should have been searched since he was the target.
The trial court’s order granting appellant’s motion to suppress correctly cites to Maryland v. Garrison, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987), for the proposition that, when officers, in executing the search warrant, know or should have known, that the premises described in the warrant actually constitute two separate dwellings, only the dwelling of the person being investigated pursuant to the warrant should be searched. But the evidence in the instant ease is dissimilar to Garrison where two separate apartments obviously existed on the third floor of an apartment building. In the instant case only a single family dwelling was located at the address set forth in the warrant with nothing to alert the police that the bedroom was a separate “dwelling unit.”
Citizens are protected from search when a reasonable officer executing a search warrant should have recognized that a separate dwelling unit exists at the premises to be searched. In Garrison, 480 U.S. 79 at 86, 107 S.Ct. 1013 at 1017, the Supreme Court wrote:
If the officers had known, or should have known, that the third floor contained two apartments before they entered the living quarters on the third floor, and thus had been aware of the error in the warrant, they would have been obligated to limit their search to McWebb’s apartment. Moreover, as the officers recognized, they were required to discontinue the search of respondent’s apartment as soon as they discovered that there were two separate units on the third floor and therefore were put on notice of the risk that they might be in a unit erroneously included within the terms of the warrant.
Nothing in Garrison suggests that an officer must curtail his search of a single family dwelling based solely upon the probability that a housemate of the person under investigation had a reasonable expectation of privacy in his or her bedroom area. The only reasonable conclusion for the officers to make in the instant case was that the person under investigation, McCormick, dwelled in the same household as another, and that, as a consequence, a search of the entire shared home was appropriate. See Hawai’i v. Anderson, 84 Hawai’i 462, 474, 935 P.2d 1007, 1019 (a landlord’s statement given to the officers at the time of the execution of the search that the defendant rented one of the bedrooms in the house “did not obviously indicate that the bedroom was completely inaccessible to the other occupants, it was reasonable for police officers to believe that the bedroom was available to the other occupants as a potential cache for contraband”); People v. Siegwarth, 285 Ill.App.3d 739, 674 N.E.2d 508, 220 Ill.Dec. 965 (1996) (mere fact that defendant’s bedroom was padlocked and daughter told police that the bedroom was her father’s, does not mean that the house in fact contained multiple living units); Hawaii v. Woolsey, 71 Haw. 638, 641, 802 P.2d 478, 479 (Hawaii 1990) (“in multiple occupancy dwellings in which several persons or families share common living areas but have separate bedrooms, a single warrant authorizing a search of the entire premises is valid and reasonable”).
We vacate the order suppressing the contraband and remand for further proceedings.
ORDER VACATED; REMANDED.
DAUKSCH and THOMPSON, JJ., concur.