250 P.3d 775

**Bruce E. COX, Respondent/Plaintiff–Appellee**

v.

**Carlyn D. COX, Petitioner/Defendant–Appellant.**

**No. SCWC–29593.**

Supreme Court of Hawai'i.

April 7, 2011.

Reconsideration Denied May 2, 2011.

Steven L. Hartley and Seth R. Harris (Hartley & McGehee, LLC), on the application for petitioner/defendant-appellant.

R. Steven Geshell, on the response for respondent/plaintiff-appellee.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, and DUFFY, JJ., and Circuit Judge DEL ROSARIO, assigned due to a vacancy.

Opinion of the Court by ACOBA, J.

We hold that (1) the Intermediate Court of Appeals (the ICA) properly affirmed the determination of the family court of the first circuit (the court)[1] that the Second Deed of Trust (SDT), discussed *infra,* was a separate, non-marital debt of Petitioner/Defendant-Appellant Carlyn D. Cox (Petitioner); (2) Petitioner waived any argument pertaining to the court's alleged failure to investigate or inquire as to whether Respondent/Plaintiff-Appellee Bruce E. Cox (Respondent) used marital assets to pay for his attorneys' fees; (3) although not addressed by the ICA, the court did not deviate from the partnership model for dividing assets in divorce proceedings inasmuch as the separate debt of one spouse need not be divided equally between both parties to the divorce, even where such debt is secured by a marital asset; and (4) Hawai'i Family Court Rules (HFCR) Rule 62(d)[2] does not govern stays other than to enforce a judgment and does not allow a court to stay a request for attorneys' fees and costs pending appeal; thus after the notice of appeal was filed, the court lacked jurisdiction to hear Respondent's HFCR

---

1. The Honorable Linda S. Martell presided.

2. HFCR Rule 62(d) provides that "[w]hen an appeal is taken the appellant *on such conditions that the court may allow may obtain a stay* " of

proceedings to enforce a judgment. (Emphasis added.) "The stay is effective when approved by the court." *Id.*

Rule 68 Motion[3] for Attorneys' Fees and Costs (Rule 68 Motion) filed by Respondent and to grant a stay of the request for attorneys' fees and costs (Request) filed by Petitioner for defending against the Rule 68 Motion. In accordance with the opinion set forth herein, we reverse the ICA's October 20, 2010 judgment filed pursuant to its September 27, 2010 Memorandum Opinion (memo op.)[4] in part, insofar as the ICA concluded that the court properly stayed Petitioner's Request under HRCP Rule 62(d). *See Cox v. Cox*, No. 29593, 2010 WL 3819589, at *9 (App. Sept. 27, 2010) (mem.). We affirm the judgment of the ICA in all other respects.

## I.

The following essential matters, some verbatim, are from the record, the ICA's memo op., and the submissions of the parties.

Petitioner and Respondent were married on October 3, 1992. *Id.* at *2. During the marriage, a house in the State of Virginia (the Virginia Residence) was purchased and titled in Respondent's name. *Id.* Petitioner and Respondent lived in the Virginia Residence until they experienced marital difficulties and separated in March 2004. *Id.* At the time of separation, Petitioner had a Deed of Gift prepared, transferring the Virginia Residence to her name alone. *Id.* In June 2005, Respondent moved to Hawai'i and Petitioner continued to reside in Virginia. *Id.*

In September 2005, Petitioner took out a second mortgage on the Virginia Residence, the funds from which Petitioner maintains were used for improvements to the residence (Second Mortgage). On January 11, 2006, Respondent filed a complaint for divorce. *Id.* In October 2006, Petitioner further encumbered the Virginia Residence with a SDT, a mortgage loan for $35,000 made to Petitioner by a friend, which was secured by the Virginia Residence. *Id.* A divorce trial was held on January 8, 2007. At trial, Petitioner testified that the purpose of the SDT was to pay for her attorneys' fees incurred in connection with the divorce proceedings. *Id.*

Following trial, on August 1, 2007, the court filed a Decree Granting Absolute Divorce. On August 9, 2007, Petitioner filed a Motion for Reconsideration of the First Divorce Decree, stating that the court had failed to consider a Second Mortgage and SDT in dividing the assets of the parties and that those debts should have been characterized and allocated as martial debts.

On May 22, 2008, the court filed an order regarding Petitioner's Motion for Reconsideration, in which the court ruled that the Second Mortgage was to be considered a marital debt, but the SDT was to be considered a separate, non-marital debt of Petitioner. *Id.* at *3. A Second Amended Divorce Decree was filed by the court on December 18, 2008, which reflected the court's judgment as to the Second Mortgage and SDT, and in which the court ordered each party to assume his or her own attorneys' fees and costs. *Id.*

On January 20, 2009, Petitioner filed a notice of appeal. *Id.* On January 22, 2009,

---

**3.** HFCR Rule 68 states as follows:
   **Rule 68.   OFFER OF SETTLEMENT.**
   At any time more than 20 days before any contested hearing held pursuant to [Hawai'i Revised Statutes (HRS)] sections 571–11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer. Such offer may be made as to all or some of the issues, such as custody and visitation. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, any party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall treat those issues as

uncontested. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible, except in a proceeding to determine costs and attorney's fees. *If the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer, the offeree must pay the costs, including reasonable attorney's fees incurred after the making of the offer,* unless the court shall specifically determine that such would be inequitable in accordance with the provisions of HRS section 580–47 or other applicable statutes, as amended. (Emphasis added.)

**4.** The memo op. was filed by Presiding Judge Daniel R. Foley and Associate Judges Alexa D.M. Fujise and Katherine G. Leonard.

Respondent filed a Rule 68 Motion seeking an award of $18,380.39 against Petitioner. In his Rule 68 Motion, Respondent asserted that on December 17, 2007, he made an offer to Petitioner pursuant to HFCR Rule 68, under which Respondent would pay a property division settlement of $9,000 and property was to be distributed in a manner tracking the division determined by the court in the Second Amended Divorce Decree. According to Respondent, because the court ultimately determined that Petitioner owed Respondent a property equalization payment of $22,223.46, the result was not "patently more favorable," HFCR Rule 68, than Respondent's offer. Thus, Respondent contended that Petitioner should be ordered to pay Respondent's attorneys' fees and costs incurred by him from the expiration of the offer.

In response to Respondent's Rule 68 Motion, Petitioner's attorney filed an affidavit, asserting that Respondent's attorney knew or should have known that the court's jurisdiction ended with Petitioner's filing of the notice of appeal, and therefore, the court should not address Respondent's Rule 68 Motion. However, in the affidavit, Petitioner's counsel argued that Petitioner should be awarded attorneys' fees for having to respond to Respondent's untimely motion.

On January 29, 2009, Respondent filed a Notice of Withdrawal of his Motion for Attorneys' Fees and Costs. Notwithstanding Respondent's withdrawal, on the same day, the court held a hearing on Respondent's Rule 68 Motion and granted Respondent's request for a stay of ruling thereon. Additionally, the court preserved Petitioner's right to demand attorneys' fees in responding to the Rule 68 Motion pending appeal.

On March 19, 2009, Petitioner filed a motion to stay enforcement of the Second Amended Decree pending appeal. On April 6, 2009, the court issued an order granting Petitioner's motion to stay, in part. The court stayed enforcement of the Second Amended Decree only as to the equalization payment owed by Petitioner to Respondent. In lieu of requiring Petitioner to post a supersedeas bond, it was ordered that Respondent be permitted to place a lien on the Virginia Residence, which was awarded to Petitioner, in the amount of the equalization payment.

On April 17, 2009, the court issued its Findings of Fact and Conclusions of Law as to the divorce proceedings. Therein, the court concluded that the SDT was a separate debt of Petitioner. Additionally, the court found, *inter alia*, that Respondent's Rule 68 Motion was timely filed. According to the court, it had jurisdiction to hear Respondent's Rule 68 Motion under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3),[5] and even if the court did not have jurisdiction to hear Respondent's Rule 68 Motion, the court properly stayed that motion pursuant to HFCR Rule 62(d).

II.

A.

1.

On appeal, Petitioner argued, in part, that the court erred in concluding that the SDT was a separate, non-marital debt of Petitioner. According to Petitioner, the court's conclusion was incorrect because (1) it did "not apply the partnership model" for dividing assets in divorce proceedings and (2) the court failed to explain "why it categorized the [SDT] as a non-marital[,] separate debt [of Petitioner]."

2.

With respect to Respondent's Rule 68 Motion, Petitioner contended that the court

5. HRAP Rule 4(a)(3) provides:
   *If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of* any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.
   The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
   (Emphasis added.)

erred in hearing and issuing an order regarding Respondent's motion after Petitioner had filed a notice of appeal. In support of the foregoing argument, Petitioner asserted that (1) " '[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorneys [sic] fees arising out of or relating to the matter on appeal[,]' " (quoting *Wong v. Wong*, 87 Hawai'i 475, 486, 960 P.2d 145, 156 (1998)), (2) Respondent's Rule 68 Motion was not timely filed under Hawai'i Rules of Civil Procedure (HRCP) 54(d)(2)(B),[6] and (3) the court was wrong in determining that it had authority to hear Respondent's Rule 68 Motion pursuant to HRAP Rule 4(a)(3).

Petitioner also declared that the court erred in failing to consider her Request because (1) the *Wong* rule does not bar the court's consideration of a request for attorneys' fees incurred by a non-filing party in defending against an untimely motion, (2) there was evidence that Respondent knew that his Rule 68 Motion was not timely filed, and (3) the court should have evaluated and decided whether Petitioner should bear the costs of defending against a motion that was not made in good faith.

### B.

### 1.

In response to Petitioner's argument regarding the court's characterization of the SDT, Respondent stated that the court did not abuse its discretion in characterizing and allocating the SDT as a separate, non-martial debt of Petitioner. Respondent reasoned that Petitioner testified that the funds from the SDT were used to pay Petitioner's attorneys' fees and the court ordered each party to pay his or her own attorneys' fees and costs. Respondent noted that, on appeal, Petitioner did not challenge the court's deter-

mination that each party was required to pay his or her own attorneys' fees and costs.

### 2.

In response to Petitioner's arguments regarding Respondent's Rule 68 Motion, Respondent contended that the court had jurisdiction to hear and decide Respondent's Rule 68 Motion because (a) *Wong*, which Petitioner relied on in support of her argument, was overruled and abrogated by HRAP Rule 4(a)(3), (b) Petitioner's reliance on HRCP Rule 54(d)(2)(B) is misplaced because that rule does not apply in the family court, and (c) HRAP Rule 4(a)(3) cannot prevent the court from ruling on post-judgment motions for attorneys' fees and costs.[7]

### III.

### A.

As to Petitioner's argument that the court erred in characterizing the SDT as a separate, non-marital property, the ICA related that HRS § 580–47(a) (2006 Repl.) grants the family court wide discretion to divide and distribute the assets of both parties to a divorce, including " 'allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce.' " *Cox*, 2010 WL 3819589, at *7. Thus, the ICA concluded that the court properly ordered each party to be responsible for his or her own attorney's fees and costs. *Id.* at *8. Because, "[o]n appeal, [Petitioner] concede[d that] she used the proceeds [from the SDT] for attorneys' fees[,]" the ICA held that the court did not err in determining that the SDT was Petitioner's separate debt. *Id.*[8]

---

**6.** HRCP Rule 54(d)(2)(B) provides in relevant part that a motion for attorneys' fees and costs, "[u]nless otherwise provided by statute or order of the court, ... must be filed and served no later than 14 days after entry of an appealable order or judgment[.]" HFCR Rule 54(d) also provides for the recovery of costs "where expressly provided by statute, stipulation, agreement or these rules[,]" but does not specify the time-frame within which such motion must be made.

**7.** Respondent did not respond to Petitioner's argument that the court should have considered her Request for attorneys' fees and costs in defending against Respondent's Rule 68 Motion.

**8.** The ICA did not address Petitioner's argument that the court failed to apply the partnership model analysis.

### B.

As to Respondent's argument that Petitioner could not rely on *Wong* for the proposition that the court lacked jurisdiction to hear his Rule 68 Motion, the ICA observed that "[i]n *French v. French*, 110 Hawai'i 399, 404, 133 P.3d 828, 833 (App.2006), [the ICA] cited approvingly to *Wong* for the proposition that 'while a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal.'" *Cox*, 2010 WL 3819589, at *8. Thus, the ICA "h[e]ld that the family court erred when it concluded it had jurisdiction to hear the Rule 68 Motion." *Id.*

Additionally, the ICA rejected Petitioner's argument that the court erred in refusing to rule on her Request. According to the ICA, the court acted properly under HFCR "Rule 62(d), which provides that 'when an appeal is taken the appellant[,] on such conditions that the court may allow[,] may obtain a stay subject to the exceptions contained in subdivision (a) of [Rule 62]." [9] *Id.* at *9. It was also concluded that the court properly decided that none of the exceptions in HFCR Rule 62(a) applied in this case. *Id.*

### IV.

Petitioner raised the following questions in her Application:

1. Did the [ICA] err in affirming the [court's] characterization and allocation of the [SDT] to Petitioner as her separate non-marital debt when there was no corresponding separate non-marital debt allocated to Respondent?

2. Did the ICA err in not requiring the [court] to evaluate and indicate whether there were any valid and relevant considerations to support the [court's] deviation from the standard Partnership Model Division?

3. Did the ICA err in affirming the [court's] stay of Petitioner's [R]equest for attorney's fees and costs incurred in defense of Respondent's Rule 68 Motion?

### V.

#### A.

In connection with her first question, Petitioner contends that the court's error of characterizing and allocating the SDT as a separate, non-marital property not only forces Petitioner to bear her own attorneys' fees and costs incurred in the parties' divorce case, but also results in her paying for part of the Respondent's attorneys' fees and costs. According to Petitioner, this occurs because Respondent's fees and costs were paid "from the parties' marital estate" which "reduces the overall net market value of the marital estate that is then divided equally between the parties." Petitioner asserts that thus, she is actually paying for one-half of Respondent's attorneys' fees and costs. Consequently, Petitioner argues the court's error "unjustly enrich[es] [ ] Respondent by allowing him to draw from the marital estate for his own attorneys' fees and costs," while requiring Petitioner to pay her attorneys' fees and costs "from her own separate assets."

Petitioner asserts that the ICA should have required the court to determine whether Respondent paid his attorneys' fees and costs from the marital estate. Upon such inquiry, Petitioner maintains that the court would have discovered in Respondent's first filed Asset and Debt statement, Respondent's U.S. Army Thrift Savings Plan was valued at $8,727.18 and his White Oak Mutual Fund was valued at $17,478.00. However, when Respondent filed his Revised Asset and Debt Statement, Petitioner argues those assets were significantly reduced or eliminated.

In response, Respondent observes that the court ordered each party to pay his or her own attorneys' fees. According to Respondent, as pointed out the by the ICA, an abuse of discretion standard applies to the court's

---

9. HFCR Rule 62(a) provides that

[u]nless otherwise ordered by the court, a temporary order or a judgment containing a restraining order, an order of sequestration, or an order appointing receiver, or a judgment or order directing an accounting, or an order for income assignment for child support, shall not be stayed during the period after its entry and until an appeal is taken, or during the pendency of an appeal.

determination that the SDT was Petitioner's separate, non-marital debt. Since Petitioner "testified that the $35,000 [SDT] debt she incurred was used to pay her own attorney's fees[,]" Respondent urges that the ICA was correct in determining that the court did not abuse its discretion.

Next, Respondent contends that Petitioner would have this court order Respondent to pay for half of Petitioner's attorneys' fees, i.e., half of the SDT, as a joint, marital debt. However, Respondent argues that Petitioner "never contended on appeal that the [court's] decision ordering each party to pay [his or her] own attorneys' fees was reversible error."

With regard to Petitioner's assertion that the SDT should have been characterized and allocated as joint, marital debt because it was taken out against the Virginia Residence which was deemed marital property, Respondent maintains that there is no evidence in the record that the SDT "was ever recorded against the property." Furthermore, Respondent notes that "[t]here are two houses involved in this case for division" and Petitioner was awarded the Virginia Residence, "subject to the debt thereon[,]" and "[Respondent] was awarded the Ewa Beach house, subject to the debt thereon[.]" Also, Respondent argues that Petitioner's contention that Respondent failed to identify the source for payment of his attorneys' fees is immaterial because the court ordered each party to pay his or her own attorneys' fees and costs.

### B.

In connection with her second question, Petitioner declares that the ICA, in concluding that the court did not err in allocating the SDT to Petitioner, overlooked the fact that the court deviated from standard property division principles. According to Petitioner, the court's deviation from such principles is evidenced by the fact that it characterized the Virginia Residence as a marital asset, but characterized and allocated the SDT as a separate, non-marital debt.[10]

### C.

In connection with her third question, Petitioner states that her Request was not based on any substantive issue on appeal, but on the fact that Respondent knowingly filed an untimely Rule 68 Motion, necessitating a response by Petitioner and attendance at a hearing. Inasmuch as the facts underlying her Request for fees and costs were not involved in her appeal, Petitioner maintains that there was no valid reason to stay consideration of her Request.

Respondent responds that the ICA did not err in affirming the court's stay of Petitioner's Request since the court also stayed any ruling on Petitioner's Rule 68 Motion. Additionally, Respondent asserts that Petitioner is not entitled to attorneys' fees because (1) HRAP Rule 4(a)(3) provides that post-judgment motions for attorneys' fees and costs extend the time for appealing, and (2) HRCP Rule 54(d)(2)(B), which requires motions for attorneys' fees and non-taxable expenses to be filed and served not later than fourteen days after an appealable order or judgment is filed, does not apply in the family court pursuant HRCP Rule 81(a)(4).[11]

### VI.

In connection with her first question, it cannot be said that the court abused its discretion in allocating the SDT debt to Petitioner. As indicated, the court is afforded broad discretion to allocate between the parties, the responsibility for the payment of the debts of the parties, whether joint, separate, or community, and attorney's fees, costs, and expenses incurred by each party by reason of the divorce. HRS § 580–47(a). Thus, to reiterate, the court was well within its discretion to order each party to pay his or her own attorneys' fees and costs and to allocate

---

10. In his Response, Respondent did not address Petitioner's argument that the ICA overlooked the fact that the court deviated from standard property division principles.

11. HRCP Rule 81(a)(4) provides that "[e]xcept as expressly otherwise provided in this Rule 81 or another rule of court, *[the HRCP] shall not apply to . . . [p]roceedings in the family court* [.]" (Emphasis added.)

**26**

the SDT debt to Petitioner where she expressly testified and argued on appeal that the funds therefrom were used to pay her attorneys' fees and costs.

▇ We need not consider whether the court erred in failing to inquire or to investigate as to how Respondent had paid for his attorneys' fees and costs inasmuch as Petitioner did not argue to the court or the ICA that the characterization and allocation of the SDT debt as Petitioner's separate, non-marital debt failed to consider whether Respondent had used marital assets to pay for his attorneys' fees and costs.[12] That argument, however, is waived. *State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]") (Citations omitted.); *State v. Hoglund*, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." (Citing *State v. Cummings*, 49 Haw. 522, 423 P.2d 438 (1967).)); *State v. Rodrigues*, 67 Haw. 496, 498, 692 P.2d 1156, 1158 (1985) (holding that the State, "propound[ing] only the theory of consent to the search" at the trial level, had waived the theories "of exigency and a 'good faith' exception" because "[i]t is a generally accepted rule that issues not raised at the trial level will not be considered on appeal") (citation omitted).

### VII.

▇ In connection with her second question, Petitioner argues that the ICA failed to consider whether the court deviated from the partnership model for dividing assets in divorce proceedings. This court has adopted the rules pertaining to the dissolution of business partnership to apply to the division and distribution of property in divorce cases. *See Gussin v. Gussin*, 73 Haw.

470, 483–84, 836 P.2d 484, 491 (1992). "Under general partnership law, each partner is entitled to be repaid his contributions to the partnership property, whether made by way of capital or advances." *Tougas v. Tougas*, 76 Hawai'i 19, 27, 868 P.2d 437, 445 (1994) (internal quotation marks and citation omitted). Then, absent "agreement to the contrary, 'partners share equally in the profits of their partnership, even though they may have contributed unequally to capital or services.'" *Id.* (quoting *Gardner v. Gardner*, 8 Haw.App. 461, 464–65, 810 P.2d 239, 242 (1991)) (internal citation omitted).

▇ Under the marital partnership model, the court uses five categories of net market value (NMV):

Category 1. The [NMV], plus or minus, of all property separately owned by one spouse on the date of marriage (DOM) but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

Category 2. The increase in the NMV of all property whose NMV on the DOM is included in category 1 and that the owner separately owns continuously from the DOM to the DOCOEPOT [date of the conclusion of the evidentiary part of the trial].

Category 3. The date-of-acquisition NMV, plus or minus, of property separately acquired by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party.

Category 4. The increase in the NMV of all property whose NMV on the date of acquisition during the marriage is included in category 3 and that the owner separately owns continuously from the date of acquisition to the DOCOEPOT.

---

12. When Respondent initially filed his Asset and Debt Statement on June 27, 2006, the value of his White Oak Mutual Fund was listed at $17,478. When Respondent filed a revised Asset and Debt Statement on November 16, 2006, the value of that mutual fund was listed at $14,500. At trial, the court inquired as to the changes in the value of Respondent's securities including Respondent's White Oak Mutual Fund. Respondent explained that securities "go up and down." As to Respondent's U.S. Army Thrift Savings Plan, it was not listed in the first Asset and Debt Statement filed by Respondent but was listed in the November 16, 2006 statement at a value of $8,727.18. Thus, Petitioner has not identified any asset that was eliminated.

Category 5. The difference between the NMVs, plus or minus, of all property owned by one or both of the spouses on the DOCOEPOT minus the NMVs, plus or minus, includable in categories 1, 2, 3, and 4.

*Id.* (quoting *Malek v. Malek*, 7 Haw.App. 377, 380–81 n. 1, 768 P.2d 243, 246–47 n. 1 (1989)). Following partnership law principles, "assuming all valid and relevant considerations are equal," "[t]he Category 1 and 3 NMVs are the 'partner's contributions' to the Marital Partnership Property that . . . are repaid to the contributing spouse" and "[t]he Category 2, 4, and 5 NMVs are Marital Partnership Property that . . . are awarded one-half to each spouse." *Helbush v. Helbush*, 108 Hawai'i 508, 513, 122 P.3d 288, 293 (App.2005).

As maintained by Respondent on appeal, the SDT "is a debt, not property or an asset of the parties," that must be divided equally. In its Second Amended Decree, the court listed the SDT under "Other Debts," separate from the parties' "Joint Debts." Respondent became solely liable for his debts, including debts owed to "United Mileage Plus, USAA, and Chase," while Petitioner became solely liable for the payment of the SDT debt. Inasmuch as the court ordered each party to be responsible for his or her own attorneys' fees, and Petitioner expressly testified at trial and argued on appeal that the funds from the SDT were used to pay her attorneys' fees and costs, the SDT was Petitioner's separate debt, as opposed to the parties' marital debt. Nothing in the marital partnership model requires a spouse's separate debt secured by marital property to be divided equally or subtracted from the net value of the martial asset. In sum, Petitioner's second question must be answered in the negative inasmuch as the allocation of Petitioner's own debt to Petitioner did not deviate from the partnership model for dividing marital assets.

## VIII.

### A.

As indicated, in connection with Petitioner's third question, the ICA determined that the court properly stayed Petitioner's Request for attorney's fees and costs pending appeal pursuant to HFCR Rule 62(d). *See Cox*, 2010 WL 3819589, at *9. HRCP Rule 62 is relevant inasmuch as it contains similar language to HFCR Rule 62. HRCP Rule 62(d) provides that an appellant may obtain a "[s]tay of [p]roceedings to [e]nforce a [j]udgment" "[w]hen an appeal is taken[,]" "by giving a supersedeas bond[,] . . . subject to the exceptions contained in subdivision (a) of [Rule 62]. The stay is effective when approved by the court."

Petitioner did file a motion to stay the enforcement of the Second Amended Decree pending appeal. Although as noted by the ICA, the court's Order Regarding Petitioner's Motion for Stay Pending Appeal approved a stay of the Second Amended Decree in part, HFCR Rule 62(d) is inapplicable to Petitioner's Request for attorneys' fees and costs. This court has explained that HRCP Rule 62 [13] allows an appellant to stay enforcement of a judgment pending appeal. *See, e.g., MDG Supply, Inc. v. Diversified Invs., Inc.*, 51 Haw. 375, 381, 463 P.2d 525, 529 (1969) (explaining that "[u]nder H.R.C.P. Rule 62(d), a party taking an appeal from a *judgment* must file a supersedeas bond in order to stay its enforcement") (emphasis added); *Sturkie v. Han*, 2 Haw.App. 140, 146, 627 P.2d 296, 301 (1981) ("In a single claim case involving a single plaintiff and a single defendant, the appellant may obtain a stay of enforcement of the decree of foreclosure by giving a supersedeas bond pursuant to HRCP, Rule[ ] 62(d)[.]").

Thus, HRCP Rule 62(d) does not govern stays other than to enforce a judgment. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2902, at 490–91 (2d ed.1995) (stating that Rule 62 "govern[s] stays of pro-

---

**13.** As noted, Respondent argues in his Response that Petitioner cannot rely on HRCP Rule 54 because the HRCP are inapplicable in family court proceedings pursuant to HRCP Rule 81(a)(4). It is noted that HRCP Rule 54 and

HFCR Rule 54 are not similar. *See supra* note 6. However, HRCP Rule 62(d) and HFCR Rule 62(d) are similar, and therefore, this court's construction of HRCP Rule 62(d) is instructive as to the interpretation of HFCR Rule 62(d).

ceedings to enforce a judgment" and "does not govern stays in proceedings other than to enforce a judgment"). To reiterate, like HRCP Rule 62, HFCR Rule 62 governs "Stay of Proceedings to Enforce a Judgment"; not stays of other motions, requests or proceedings. Therefore, the ICA erred in concluding that "[t]he [ ] court properly stayed [Petitioner's R]equest for attorney's fees and costs pending [ ] appeal pursuant to HFCR Rule 62(d)[.]" *Cox*, 2010 WL 3819589, at *9.

## B.

■ As indicated, Petitioner also urged that since her Request was not based on any substantive issue on appeal, the court should have decided her Request as opposed to staying it. Relatedly, *Wong* was an appeal from a Divorce Decree that involved Rule 68. 87 Hawai'i at 476–77, 960 P.2d at 146–47. On appeal, Wife contended, *inter alia*, "that the family court abused its discretion when it entered [its] March 25, 1996 Order Granting [Husband's] Rule 68 Motion." *Id.* at 485, 960 P.2d at 155. The *Wong* court noted that Wife filed her "Notice of Appeal on March 15, 1996," Husband filed his "Rule 68 Motion on March 14, 1996[,]" and filed his "Notice of Cross–Appeal on March 25, 1996 at 1:13 p.m." *Id.* at 485–86, 960 P.2d at 155–56. However, the family court did not hear Husband's Rule 68 Motion until March 25, 1996, at which time the court ordered Wife to pay Husband "$40,000 for [Husband's] reasonable attorney's fees and costs incurred after the making of [ ] three offers of settlement." *Id.* at 486, 960 P.2d at 156.

The ICA explained that "[t]he March 25, 1996 Order Granting Rule 68 Motion was filed after both the Notice of Appeal and the Notice of Cross–Appeal were filed" and consequently, "appellate jurisdiction attached before the March 25, 1996 Order Granting Rule 68 Motion was entered." *Id. Wong* stated that, "[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney [sic] fees

arising out of or relating to the matter on appeal." *Id.* (citations omitted). The ICA thus concluded "that the March 25, 1996 Order Granting Rule 68 Motion [was] void because the family court lacked jurisdiction to enter it." *Id.*

As related *supra*, citing *Wong*, Petitioner argued on appeal to the ICA that the court lacked jurisdiction to hear Respondent's Rule 68 Motion. It is apparent under *Wong*, that the court did lack jurisdiction to hear or rule on Respondent's Rule 68 Motion. Indeed, Respondent's Rule 68 Motion arose out of, and related to, the matter pending on appeal inasmuch as the outcome on appeal would affect his entitlement to fees under Rule 68. The success of his Rule 68 Motion hinged on the judgment being "patently not more favorable than [his] offer" to Petitioner. HFCR Rule 68; *see D'Elia v. Ass'n of Apartment Owners of Fairway Manor*, 2 Haw.App. 350, 351, 632 P.2d 298, 299 (1981) (stating that, because appellee's request for attorneys' fees and costs "was dependent upon the outcome of the litigation with respect to [the counts on appeal] and was part and parcel, under the pleadings, of the relief to be granted by the court below on those counts as between the parties[,]" appellee's request "[was] not [an] 'issue' or 'claim' over which the court retain[ed] jurisdiction").

Nevertheless, as noted, Respondent argued on appeal that Petitioner could not rely on *Wong* because it was effectively overruled and abrogated by the adoption of HRAP Rule 4(a). As noted *supra* at note 5, HRAP Rule 4(a) provides in relevant part that "[i]f any party files a *timely* motion for . . . attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]" (Emphasis added.) Contrary to Respondent's suggestion, HRAP Rule 4(a) requires post-judgment motions to be "timely" filed. Under *Wong*, a request for attorneys' fees under Rule 68 filed after the notice of appeal, is not timely filed.[14] Therefore, Respondent's contention is incorrect and the

---

14. This holding does not apply where court rules provide a specific definition of timeliness for motions requesting attorneys' fees. *See, e.g.*, HRCP Rule 54(d)(2)(B) (requiring that motions for fees under that rule "must be filed and served no later than *14 days* after entry of an appealable order or judgment") (emphasis added).

court was divested of jurisdiction to hear his Rule 68 Motion upon the filing of the notice of appeal.

### C.

■ As said, Petitioner urges that, on the other hand, her Request did not involve any matter on appeal, and therefore, the court should have decided her Request. However, under the language in *Wong*, Petitioner's Request related to Respondent's Rule 68 Motion. Respondent's Rule 68 Motion arose out of the matter on appeal, i.e., the correctness of the matters in the divorce decree. Petitioner's Request was for defending against Respondent's Rule 68 Motion. Thus, as in *Wong*, Petitioner's Request *"relat[ed] to* the matter on appeal." 87 Hawaiʻi at 486, 960 P.2d at 156 (emphasis added). Therefore, the court did not have jurisdiction to hear Petitioner's Request as well. *See Hoddick, Reinwald, O'Connor & Marrack v. Lotsof,* 6 Haw.App. 296, 300, 719 P.2d 1107, 1111 (1986) ("The lower court lost its jurisdiction over the case when [the defendant] filed his first notice of appeal[.]"); *Wisdom v. Pflueger,* 4 Haw.App. 455, 461, 667 P.2d 844, 849 (1983) ("[U]pon the filing of [the] notice of appeal of the judgment, the lower court lost its jurisdiction to award attorneys' fees until the disposition of the appeal" and "[t]herefore, the award of attorneys' fees must be set aside.") (Citation omitted.) Consequently, the ICA erred in affirming the court's stay of Petitioner's Request since the court lacked jurisdiction to take any action as to the Request.

### D.

Because of a lack of jurisdiction, both Respondent's Rule 68 Motion and Petitioner's Request could not be acted upon by the court. However, after judgment on appeal, Respondent can re-file his motion in the court inasmuch as HFCR Rule 68 does not place any specific time limitations on the filing of a motion. *See D'Elia,* 2 Haw.App. at 351, 632 P.2d at 299 (stating that, although appellee "could and should have moved for the award of its attorneys' fees prior to" the filing of the appeal, appellee "still can move for the award of those attorney's fees on remand"). Likewise, nothing would prevent Petitioner from re-filing her Request for defending against Respondent's Rule 68 Motion.

### IX.

Based on the foregoing, the ICA's October 20, 2010 judgment is reversed in part on the grounds noted herein, but affirmed in all other respects.