607 P.2d 389

**Elzie SHIRLEY, Plaintiff/Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY; Arizona City Sanitary District; and Arizona City Improvement District No. 1, Defendants/Appellees.**

No. 2 CA–CIV 3359.

Court of Appeals of Arizona, Division 2.

Dec. 28, 1979.

Law Offices Otto H. Linsenmeyer by Frank E. Dickey, Jr., Phoenix, for plaintiff/appellant.

Jennings, Strouss & Salmon by Charles M. Santaguida, Phoenix, for defendants/appellees.

## OPINION

RICHMOND, Chief Judge.

Appellant provided machinery and labor for a materialman supplying rock chips on a sanitary sewerage improvement project. He brought this action to recover unpaid wages and for breach of contract, naming appellees as defendants in addition to the materialman and general contractor. He appeals from summary judgment in favor of appellees and the award of attorney's fees in the judgment.

Although appellant argues that appellees Arizona City Sanitary District and Arizona City Improvement District No. 1 may be liable for the failure of the general contractor to pay his claim, the only authority he cites is *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P.2d 107 (1963), abolishing the rule of governmental immunity from tort liability. The record, however, suggests no basis for tort liability.

■ Appellee Hartford Accident & Indemnity Co. is the surety on the general contractor's license bond and the payment bond furnished pursuant to A.R.S. § 34–222. Appellant's claim on the license bond is governed by *B. J. Cecil Trucking, Inc. v. Tiffany Construction Co.*, 123 Ariz. 31, 597 P.2d 184 (App.1979), in which Division One of this court held an identical bond immune from the claim of a supplier of labor or material to a materialman. The reasoning in that case applies equally to the payment bond which, like the license bond, is for the benefit of claimants supplying labor or materials to the contractor or his subcontractors, with no mention of suppliers of a materialman. *See also Tiffany Construction Co. v. Hancock & Kelley Construction Co.*, 24 Ariz.App. 504, 539 P.2d 978 (1975).

Appellant attempts to distinguish the *B. J. Cecil* and *Hancock & Kelley* cases because the former involves an independent contractor and the latter a supplier of material. He contends at the least summary judgment was precluded by the question whether he was an employee rather than a supplier of material to a materialman. Inasmuch as the determinative fact in each of those cases is the status of the materialman against whom the claim is made, rather than the status of the claimant, we do not agree that any remaining issue is one of material fact.

■ Appellant's attack on the award of attorney's fees is two-pronged: (1) No such fees were requested prior to judgment, and (2) inasmuch as the judgment is based on the absence of any contract, they should not have been awarded under A.R.S. § 12–341.-01. We reject both contentions. If entitled to such fees, appellees could include them in their proposed form of judgment even if not demanded in their pleadings. *See Thompson v. Harris*, 9 Ariz.App. 341, 452 P.2d 122 (1969). And § 12–341.01 permits the award of fees in "any contested action arising out of a contract," whether or not the party commencing the action is found entitled to recover under the contract on which his claim is based. We think the statute is broad enough—bearing in mind its stated purpose "to mitigate the burden of the expense of litigation to establish a just claim or a just defense"—to afford relief for a defendant where the plaintiff is not entitled to recover on the contract on which his action is based.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.