---

that he would enter an amended judgment with leave of the appellate court to specify the rate of interest and the date from which interest would run. This Court cannot review the decision below until the amount of interest due on the guaranty has been specified as the decision is not a final judgment.

The judgment also does not include the amount to be awarded as attorney fees. The guaranty provided that plaintiffs could recover "all expenses, legal and/or otherwise (including Court costs and reasonable attorneys fees) incurred by Sheraton in collecting or endeavoring to collect" the guaranty.

■ The question of whether a judgment, which includes an award of attorney fees against the opposing litigants but does not fix the amount of such fees is a final judgment, is one on which the courts of appeals are divided. Some courts have held that an order granting or denying the attorney fees is collateral and appealable even though the main issue in dispute is not final or appealable. *See United States Steel Corp. v. United Mine Workers of America,* 456 F.2d 483, 486–87 (3rd Cir. 1972), *cert. denied,* 408 U.S. 923, 92 S.Ct. 2492, 33 L.Ed.2d 334 (order denying motion for attorney fees without prejudice to movant's right to resubmit motion should outcome of proceedings warrant the same was appealable under the "collateral order" doctrine where order was in practical effect a final order as the main dispute, a proposed preliminary injunction against work stoppage, was indefinitely continued when the work stoppage had ceased); *Preston v. United States,* 284 F.2d 514, 515 & n.1 (9th Cir. 1960) (order dismissing petition for supplemental attorney fees and quashing liens was appealable as collateral matter even though the main dispute, a suit against the Secretary of the Interior for an allotment from lands held in trust for Band of Indians, was remanded to district court for correction in related matters); *Angoff v. Goldfine,* 270 F.2d 185, 186 (1st Cir. 1959) (appellate court had jurisdiction under 28 U.S.C. § 1291 to review plaintiff's appeal with respect to attorney fees from a judgment approving a proposed settlement and awarding attorney fees as the issue of attorney fees was collateral to the main proceeding). Some courts have directly addressed the issue in the present case and found the opinion below was final and appealable even though the amount of attorney fees had not been determined. *See Swanson v. American Consumer Industries, Inc.,* 517 F.2d 555 (7th Cir. 1975) (attorney fees are incidental to main litigation in shareholders' derivative action and reservation of issue of fees does not affect finality and appealability of decision on merits of case); *Hidell v. International Diversified Investments,* 520 F.2d 529, 532 n.4 (7th Cir. 1975) (failure to set attorney fees does not affect the finality of judgment in securities violations case, citing *Swanson*); *Baughman v. Cooper-Jarrett, Inc.,* 530 F.2d 529, 531 n.2 (3rd Cir. 1976), *cert. denied,* 429 U.S. 825, 97 S.Ct. 78, 50 L.Ed.2d 87 (reservation of determination of amount of reasonable attorney fees in anti-trust suit does not affect the finality of the judgment for purposes of 28 U.S.C. § 1291).

Other courts feel that the failure to specify the amount of attorney fees prevents a judgment from being final. *See Paeco, Inc. v. Applied Moldings, Inc.,* 562 F.2d 870, 878 (3rd Cir. 1977) (order not final where antitrust claims, antitrust damages, and amount of attorney fees were yet to be determined); *Williams v. Ezell,* 531 F.2d 1261 (5th Cir. 1976) (appeal of an order granting attorney fees was not untimely as the first order granting the motion to award attorney fees but not determining the amount was not final); *Aetna Casualty & Surety Company v. Giesow,* 412 F.2d 468 (2d Cir. 1969) (where reasonable counsel fees incurred by surety were a contractually specified element of damages and the amount was not determined, judgment was not appealable final judgment). *But see Holley v. Lavine,* 605 F.2d 638, 642 & n.6 (2d Cir. 1979) (where award did not specify amount of attorney fees, but attorneys agreed to the amount, the court was not disposed to take too technical a view whether there was a final appealable judgment);

*Peoples Bank of Virgin Islands v. Figueroa,* 559 F.2d 914, 916 n.2 (3rd Cir. 1977) (where district court's order left open the question of counsel fees but a subsequent *nunc pro tunc* order was entered by the parties respecting the counsel fees, the court had jurisdiction under 28 U.S.C. § 1291); *Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66, 69–70 & n.2 (2d Cir. 1973) (dictum) (although failure to set attorney fees as a matter of contract damages prevents an order from being final, failure to set attorney fees where fees are a matter of judicial discretion may not prevent order from being final); *Bakery & Confectionery Workers International Union of America v. Ratner,* 118 App.D.C. 269, 335 F.2d 691 (D.C.Ct. App.1964) (court reviewed an appeal awarding attorney fees to attorney who moved to withdraw from class action, for independent counsel to be appointed in his stead, and for reasonable fees; court, however, did not address the finality issue).

Where the attorney fees are a claim on a common fund and are contingent upon the exigencies of equitable litigation, the United States Supreme Court has held their award is collateral and may be appealed independently of the principal action. *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1882). The Supreme Court pointed out in *Sprague* that the final disposition of the case, including appeals, places the claim for attorney fees in a much better perspective than it would have at an earlier stage. 307 U.S. at 168, 59 S.Ct. at 780. Indeed, it would be well nigh impossible to fix reasonable fees for an attorney's services during an appeal where the appeal has not even been filed.

In passing on the other issues raised on appeal and reviewing the propriety of an award of attorney fees (although the amount of such fees had not been fixed), this court *sub silento* appears to have recognized the severable and collateral nature of an attorney fee award. In *Manney v. International Union,* 466 F.2d 812 (6th Cir. 1972), after passing on the merits of the appeal, this Court held:

We do not reach the issue of the propriety of the allowance of attorney fees as permitted by Section 706(k) of the Act, 42 U.S.C.A. § 2000e–5(k) because the District Judge did not enter any final appealable order on this issue.

*Id.* at 816.

The award of attorney fees, where those fees include services on appeal, will inevitably result in piecemeal appeals. Even if the fees at the trial level are required to be included in the final judgment, fees on appeal must be determined at a later time. If the attorney fee must be included in the judgment, it could require amendment of the judgment after the appeal was final.

We ally ourselves with those circuits which have held that a judgment is final for purposes of appeal although the amount of attorney fees have not been determined. The settling of attorney fees, a time consuming procedure, will be avoided in those cases in which the party awarded fees does not prevail on appeal. Such procedure will not prevent the District Court from including attorney fees in the final judgment where such action appears appropriate.

The action is remanded to the District Court for entry of an appropriate final judgment which should include a dollar amount of principal and of interest. Thereafter, the parties may return to this court for a review on the merits. However, should they choose to do so, a new notice of appeal will be required. The case will be assigned to the same panel of this court for disposition on the merits. The parties may request that it be heard on the briefs heretofore filed.