653 P.2d 45

Robert D. TREBILCOX and Ann M. Trebilcox, Counterclaimants-Appellants,

v.

BROWN & BAIN, P.A., Counterdefendant-Appellee.

No. 1 CA–CIV 5394.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 5, 1982.

Corbet & Eagleburger, Ltd. by Leo Corbet, Phoenix, for counterclaimants-appellants.

Evans, Kitchel & Jenckes, P.C. by Earl H. Carroll, Lex J. Smith, Joyce Y. Neeley, Phoenix, for counterdefendant-appellee.

## OPINION

JACOBSON, Presiding Judge.

The primary issue on this appeal is whether the trial court had jurisdiction to enter an award of attorney's fees under A.R.S. § 12–341.01 after a notice of appeal from the underlying claim had been filed.

This litigation commenced with the filing of a complaint for breach of contract by Western Palms Investors and others against appellants Robert D. and Ann M. Trebilcox (Trebilcox) on April 11, 1977. On January 5, 1979 Trebilcox filed a third amended counterclaim adding appellee Brown & Bain, P.A. (Brown & Bain) as counterdefendants and alleging breach of fiduciary duty based on a purported attorney-client relationship. On May 30, 1979 the trial court entered summary judgment in favor of Brown & Bain dismissing the Trebilcox counterclaim with prejudice. The judgment expressly reserved jurisdiction to consider an award of attorney's fees and contained an appropriate finding pursuant to

16 A.R.S., Arizona Rules of Civil Procedure, Rule 54(b). Trebilcox filed a notice of appeal on June 29, 1979 from this judgment. The judgment was affirmed by this court in *Trebilcox v. Brown & Bain,* P.A., 1 CA–CIV 4979 (filed November 3, 1981).

On July 20, 1979, Brown & Bain filed a motion in the trial court for an award of attorney's fees pursuant to A.R.S. § 12–341.01. The trial court elected to defer a hearing on this motion until after the conclusion of the trial in the main action.

On December 18, 1979 the trial court issued findings of fact and conclusions of law upholding all plaintiffs' claims against Trebilcox and rejecting all Trebilcox's counterclaims and defenses. The successful plaintiffs also filed motions for an award of attorney's fees and a hearing on all applications for attorney's fees was held on March 7, 1980. By minute entry the trial court awarded Brown & Bain attorney's fees for $10,431.50 which award was entered as a judgment in favor of Brown & Bain on March 21, 1980. On April 21, 1980 Trebilcox filed a notice of appeal from this judgment.

Trebilcox contends that the trial court was without jurisdiction to enter judgment awarding Brown & Bain attorney's fees on March 21, 1980 because a notice of appeal from the underlying claim had been filed on June 29, 1979. We agree and reverse the trial court.

Arizona courts have held on numerous occasions that as a general rule when an appeal to a higher court has been perfected, the trial court loses all jurisdiction except in furtherance of the appeal. See, e.g., *Allison v. Ovens,* 102 Ariz. 520, 433 P.2d 968 (1967); *Whitfield Transportation, Inc. v. Brooks,* 81 Ariz. 136, 302 P.2d 526 (1956); *Gotthelf v. Fickett,* 37 Ariz. 413, 294 P. 837 (1931). The rationale for this general rule has been stated as follows:

> The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory.

*Whitfield Transportation, Inc. v. Brooks, supra* 81 Ariz. at 141, 302 P.2d at 529.

This general rule is subject to many well established exceptions. For example, in the absence of supersedeas the trial court in a civil proceeding retains jurisdiction to enforce the previously entered judgment pending appeal. *Carp v. Superior Court,* 84 Ariz. 161, 325 P.2d 413 (1958); an appeal from an intermediate or interlocutory order does not divest the trial court of jurisdiction to proceed on matters not involved in the appeal, *Castillo v. Industrial Commission,* 21 Ariz.App. 465, 520 P.2d 1142 (1974); the trial court is vested with continuing powers of jurisdiction in certain domestic relations cases by statute, *O'Hair v. O'Hair,* 109 Ariz. 236, 508 P.2d 66 (1973).

The question which this court must decide is whether an award of attorney's fees pending an appeal of the merits of the claim upon which the award is based constitutes an action either "in furtherance of the appeal," or does not involve an issue on appeal.

In *Title Insurance Co. of Minnesota v. Acumen Trading Co.,* 121 Ariz. 525, 591 P.2d 1302 (1979) the Arizona Supreme Court held that the absence in a judgment of a disposition of a request for attorney's fees and a Rule 54(b) determination did not preclude an otherwise final judgment from becoming final and appealable. In so holding the court stated:

> Pursuant to 16 A.R.S., Arizona Rules of Civil Procedure, rule 54(b), in the absence of an express determination to the contrary, a judgment that decides less than all of the parties' claims for relief remains open and is subject to revision. For the purpose of rule 54(b), multiple claims exist if the factual basis for recovery states a number of different claims that could have been separately enforced.

[Citation omitted.] *An award of attorneys' fees under A.R.S. § 12–341.01 was inextricably tied to the granting of Acumen's motion for summary judgment, thus constituting only one claim. Rule 54(b) is, therefore, inapplicable.* (Emphasis added.)

121 Ariz. at 526, 591 P.2d at 1303.

■ The award of attorney's fees in the instant case is similarly "inextricably tied" to the granting of summary judgment to Brown & Bain on the Trebilcox counterclaim. Brown & Bain's claim to these fees is based upon A.R.S. § 12–341.01, which gives the trial court discretion to award such fees to the prevailing party in a contract action.[1] Assuming *arguendo* that Brown & Bain is correct in characterizing this action as one "arising out of contract," it is clear that the entitlement to such fees is completely dependent upon the outcome of the appeal of the summary judgment in their favor. Brown & Bain's request for attorney's fees was not a separate claim nor can the disposition of this request be fairly characterized as an action in furtherance of the appeal. On the contrary, should this court have reversed the judgment of the trial court on the merits, the award of attorney's fees would be in derrogation of such decision.

We note that while this issue is one of first impression in Arizona, other jurisdictions have found that the trial court is without jurisdiction to make an award of attorney's fees where such award is dependent upon the party to whom the award is made prevailing on appeal. *Loui v. Corey,* 634 P.2d 1055 (Haw.App.1981); *D'Elia v. Association of Apartment Owners,* 632 P.2d 298 (Haw.App.1981).[2]

1. A.R.S. § 12–341.01 provides in part:
   A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

2. We recognize that there are circumstances under which the trial court has been held to have jurisdiction to make an award of attor-

ney's fees. However, these cases involve special circumstances, for example: where the trial court has by statute continuing jurisdiction in domestic relations cases; where an award of attorney's fees pursuant to a statute permits such award for purposes of pursuing the appeal; and where the award is not dependent upon the outcome of the appeal. See, e.g., *Bailey v. Bailey,* 392 So.2d 49 (Fla.App.1981); *In re Marriage of Giammerino,* 94 Ill.App.3d 1058, 50 Ill.Dec. 490, 419 N.E.2d 598 (1981);

■ We conclude that the trial court may not make an award granting attorney's fees pursuant to A.R.S. § 12–341.01 where a notice of appeal has been filed from the underlying contract claim upon which the award is based. For purposes of judicial economy any such award should be made part of the judgment.[3] However it appears that since the underlying judgment upon which attorney's fee was based has now been affirmed, on remand the trial court would have jurisdiction to award those fees. *See D'Elia v. Association of Apartment Owners, supra.* To assist the trial court in making this determination we reach the issue raised by Trebilcox whether A.R.S. § 12–341.01 is inapplicable to this matter, as their action for breach of a fiduciary relationship is not one "arising out of contract."

In our opinion this issue is controlled by *Sparks v. Republic National Life Ins. Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982). In *Sparks* an action was brought by an insured against their insurer alleging in part a bad faith denial of insurance coverage, a tort. After specifically disavowing the holding in *Amphitheater Public Schools v. Eastman,* 117 Ariz. 559, 574 P.2d 47 (App.1977), the court held that the test to be applied in determining whether the "arising out of contract" language of A.R.S. § 12–341.01 is applicable is whether the "action in tort could not exist *but for* the breach of the contract." 647 P.2d at 1141. (emphasis in original). If this test is met, attorney's fees are awardable under the statute.

■ Trebilcox's cause of action in tort was for breach of a fiduciary relationship arising out of an attorney-client contract. Implicit in that action was the existence of an attorney-client relationship based upon the contract and a breach of the contractual duty to exercise the utmost honesty, good faith, fairness, integrity and fidelity to the client. *Parsons v. Continental National American Group,* 113 Ariz. 223, 550 P.2d 94 (1976). It is thus clear that the Trebilcox cause of action for tort could not exist but for the breach of the attorney-client contract. Under such circumstances attorney's fees are available under A.R.S. § 12–341.01.

Moreover, it is plaintiff's cause of action "arising out of contract" which controls the application of A.R.S. § 12–341.01.

■ Thus if plaintiff's action satisfies the applicability of A.R.S. § 12–341.01, the fact that the defendants defend and prove the non-existence of a contractual relationship does not preclude awarding the successful defendants' attorneys' fees under the statute. *Shirley v. Hartford Accident & Indemnity Co.,* 125 Ariz. 70, 607 P.2d 389 (Ariz.App.1979).

Having determined that the trial court was without jurisdiction to enter the judgment from which this appeal is taken, the judgment is reversed.

GRANT and BROOKS, JJ., concur.

---

*Chicago Title and Trust Co. v. Czubak,* 67 Ill. App.3d 184, 23 Ill.Dec. 858, 384 N.E.2d 765 (1978).

We also note, without deciding, that a different result might obtain if there were a judgment granting attorney's fees at the time the judgment was entered in the underlying action but the amount of such fees had not been determined. See *Inter. Broth. of Teamsters v. Western Pa. Motor Carriers Ass'n,* 660 F.2d 76 (3d Cir.1981); *DeLong Corp. v. Raymond International, Inc.,* 622 F.2d 1135 (3d Cir.1980); *Memphis Sheraton Corp. v. Kirkley,* 614 F.2d 131 (6th Cir.1980). But see *de Mouy v. Ingvoldstad,* 664 F.2d 21 (3d Cir.1981); *Croker v. Boeing,* 662 F.2d 975 (3d Cir.1981); *O. Hommel Co. v. Ferro Corp.,* 659 F.2d 340 (3d Cir.1981); *Williams v. Ezell,* 531 F.2d 1261 (5th Cir.1976).

**3.** Maricopa County Superior Court Local Rules, Rule 3.6(e) contemplates such a procedure.