974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff-Appellee,
v.
LYONS PLASTERING, INC,; Charles Marion Heers; Betty R.
Daddato; Charles Michael Heers, Jr.; Jesse Heers, and as
Assignees for Larry and Jacqueline Lyons, individually as
husband and wife, Defendant-Appellants.
 No. 91-16034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 11, 1992.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-89-00178-PGR, Paul G. Rosenblatt, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paula Heers and other members of the Heers family (hereinafter collectively referred to as "Heers") appeal the district court's summary judgment in favor of Hartford Accident & Indemnity Co. and against its insureds, Larry and Jacqueline Lyons (the Lyonses), Lyons Plastering, Inc., and Lyons Enterprises, Inc. The Lyonses and the Lyonses' companies have assigned their rights against Hartford to Heers. We affirm.
 
 DISCUSSION
 
 3
 Heers raises two issues on appeal: (1) the district court should have stayed or dismissed the declaratory judgment action until Heers's state court suit had been resolved; and (2) the district court misinterpreted the terms of the Hartford policies to find that they did not provide coverage. Both parties seek attorneys' fees for the cost of this appeal. We consider each issue below.
 
 A. Abstention
 
 4
 Heers concedes that she did not argue that the district court should have abstained until she brought her motion to reconsider the summary judgment entered in favor of Hartford. The district court refused to consider the issue because it was not timely raised. The court did not abuse its discretion. Northwest Acceptance Corp. v. Lynwood Equipment, Inc., 841 F.2d 918, 925-26 (9th Cir.1988).
 
 
 5
 Nor will we consider an issue not timely raised before the district court unless there are special circumstances. United States v. State of Oregon, 769 F.2d 1410, 1414 (9th Cir.1985); Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517 (9th Cir.1988). In this case, "no circumstances support suspending the application of the general rule disfavoring review of issues first raised on appeal." Animal Protection Inst. of America v. Hodel, 860 F.2d 920, 927 (9th Cir.1988). Although the question of whether the district court should have abstained appears to be a legal question, see Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366 (9th Cir.1991), this alone does not mandate review of questions that should have been raised below. See Animal Protection Inst., 860 F.2d at 927. It is not the case that reviewing this untimely-raised issue will prevent "manifest injustice" or "clear error." On the contrary, the district court expended time and resources to consider the merits of this action, and after it ruled Heers sought to undo that effort on a procedural ground. We decline to permit her to do so. Thus, we deem the abstention issue to have been waived.
 
 
 6
 B. The District Court's Interpretation of the Policies
 
 
 7
 In diversity actions, the federal courts apply the substantive law of the forum state. Thus, the law of the State of Arizona governs this dispute. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed.2d 1188 (1938). In Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 140 Ariz. 383, 682 P.2d 388, 393 (1984) (en banc), the Arizona Supreme Court warned of "the mischief made by applying ordinary contract law to insurance policies." The Court adopted the "reasonable expectations" rule of contract interpretation set forth in Restatement (Second) of Contracts § 211. Accordingly, Arizona courts look not only to the terms of the standardized insurance agreement but to the parties' reasonable expectations of the scope of coverage. Darner, 682 P.2d at 396. The parties' intent is not derived from the "four corners" of the insurance policy, even if the terms of the policy are unambiguous. Id. at 397; Gordinier v. Aetna Casualty & Surety Co., 154 Ariz. 266, 742 P.2d 277, 283 (1987) (Darner rule is applicable to unambiguous as well as ambiguous contracts). Rather, insurance policies "should be read in light of the parties' intentions as reflected by their language and in view of all the circumstances." Darner, 682 P.2d at 398 (citation and quotation omitted).
 
 1. The Comprehensive Policy
 
 8
 Heers makes two arguments in favor of coverage under the Comprehensive policy. First, she argues that a limitation on an exclusion provides coverage to all named insureds but Larry Lyons. Second, she argues that the terms of the policy cover the type of negligence that caused Charles Heers's death.
 
 
 9
 Exclusion (e) of the Comprehensive policy excludes from coverage injuries or damage "arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft owned or operated by ... any insured." Larry Lyons owned the boat and Heers death arose out of the use and operation of that boat. Thus, coverage is excluded by Exclusion (e).
 
 
 10
 Heers now argues that Provision VIII, the limitation on Exclusion (e), places that loss within coverage. Provision VIII, states that "Exclusion (e) does not apply to any watercraft under 51 feet in length provided such watercraft is ... [not] owned by the named insured." Heers argues that since title to the boat was held in the name of Larry Lyons, the other "named insureds" under the Comprehensive policy, viz. Jacqueline Lyons, Lyons Plastering and Lyons Enterprises, are named insureds who do not own the boat and thus Provision VIII exempts the application of Exclusion (e) against them.
 
 
 11
 Heers concedes that this issue "was not specifically raised, nor specifically ruled on, below." Again, we consider this issue to have been waived. United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985). Construction of a contract is a mixed question of law and fact, L.K. Comstock & Co. v. United Engineers & Constructors, Inc., 880 F.2d 219, 221 (9th Cir.1989), thus it is not the case that Heers asks this court to review a purely legal question. Animal Protection Inst. of America v. Hodel, 860 F.2d at 927. Nor is it the case that reviewing the issue would prevent "manifest injustice." Id. Since no exception to the general proscription against appellate review militates in favor of review, we decline to review this issue.
 
 
 12
 Heers also argues that the Comprehensive policy covered the Lyonses' "negligent failure to render aid." However, as Hartford points out, the issue on this appeal is not whether Heers may successfully raise a claim for negligent failure to render aid, but whether that claim would be covered by the Comprehensive policy. Since the claim 'arises' out of the 'maintenance, operation or use' of an uninsured watercraft, Hartford provided no coverage for the claim.
 
 2. The Umbrella Policy
 
 13
 The Umbrella policy covered persons other than the named insured in certain circumstances. Under Provision III(c) and (e), the Lyonses were "insureds" "while acting within the scope of [their] duties" as officers, directors, shareholders or employees of the companies. And, under Provision III(h), the Lyonses were "insureds" if they were "insured under any policy of underlying insurance, subject to all the limitations upon coverage under such policy." These provisions did not provide coverage to the Lyonses for this loss.[1]
 
 
 14
 First, the Lyonses were not acting within the scope of their duties to the corporations on that day. Larry Lyons testified that they were engaged in social activities, not business relations. See Unigard Mut. Ins. Co. v. Martin, 134 Ariz. 144, 654 P.2d 292, 296 (App.1982) (business associates on annual fishing trip were "primarily engaged in ... recreational [activity] and only secondarily and indirectly involved in business" thus loss sustained on trip did not fall within terms of policy limiting coverage to losses arising from the "direct conduct of the business"). Thus, the district court properly found that the Lyonses were not insured as officers or directors or as employees of the Lyonses' corporations.
 
 
 15
 Second, the Umbrella policy did not provide excess coverage to "insureds" under the underlying Comprehensive policy because the Lyonses were not insured for this incident under the terms of the Comprehensive policy. See part B-1, supra.
 
 
 16
 3. "Reasonable Expectations"
 
 
 17
 No other circumstances create a "reasonable expectation" by the Lyonses that they were covered under the policies. No evidence was before the district court that Hartford itself made any representations of coverage. Heers argued, however, that one Alex Chavez, an independent insurance agent who sold the policies to the Lyonses, told the Lyonses that the boat was insured. The district court noted that Heers had failed to depose Chavez or anyone from his insurance agency before the discovery cut-off date. No excusable neglect was shown. Heers presented no evidence that Chavez had the authority to bind Hartford. Thus, Larry Lyons's testimony about what Chavez and his secretary had told him regarding coverage was inadmissible hearsay, and, even if admissible, failed to establish that the boat was covered by Hartford (the Lyonses held other policies) or the extent of that coverage. It is also rather unlikely that the Lyonses had a reasonable expectation that the business umbrella policy would cover their activities on this recreational outing. Heers failed to raise a genuine issue of material fact regarding the Lyonses' reasonable expectations of coverage for this loss.
 
 C. Attorneys' Fees
 
 18
 In diversity cases, federal courts apply state law in deciding whether to allow attorneys' fees when those fees are connected to the substance of the case. Hancock Laboratories, Inc. v. Admiral Ins. Co., 777 F.2d 520, 525 (9th Cir.1985); Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir.1983). Arizona law permits a court to award reasonable attorneys' fees to the prevailing party in "any contested action arising out of a contract...." A.R.S. § 12-341.01. Insurance companies, like other parties to a contract, may recover attorneys' fees when they prevail in litigation based on a contract. See State Farm Auto Ins. Co. v. Dressler, 153 Ariz. 527, 738 P.2d 1134, 1139 (App.1987) (affirming trial court's award of fees to insurer, but denying insurer fees on appeal); Shirley v. Hartford Accident & Indem. Co., 125 Ariz. 70, 607 P.2d 389, 390 (App.1979) (awarding fees to surety prevailing on contract action).
 
 
 19
 Courts consider six factors when deciding whether to award attorneys' fees: (1) the merits of the unsuccessful parties claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issue; (6) whether others will be deterred. Associated Indem. Corp. v. Warner, 143 Ariz. 567, 694 P.2d 1181, 1184 (1985) (en banc). A review of the record supports awarding fees to Hartford for the cost of defending this appeal. Heer's position was not meritorious at all, there is no showing of extreme hardship, Hartford prevailed on all points, the issues are hardly novel, and no improper deterrence of actions would occur.
 
 CONCLUSION
 
 20
 We AFFIRM the district court's summary judgment in favor of Hartford. Hartford may recover reasonable attorneys' fees for the cost of defending this appeal. We transfer consideration of the amount of those fees to the district court for its determination.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is not claimed that these provisions apply to the companies, which were the named insureds under the Umbrella policy