IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CLUB WEST CONSERVANCY, *Petitioner*,

*v.*

SHEA HOMES LIMITED PARTNERSHIP; SHEA HOMES, INC.; THE
EDGE AT CLUB WEST LLC, *Respondents*.

No. 1 CA-SA 25-0117

FILED 10-27-2025

---

Petition for Special Action from the Superior Court in Maricopa County
No. CV2021-018435
The Honorable Susanna C. Pineda, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Francis J. Slavin PC, Phoenix
By Francis J. Slavin, Daniel J. Slavin
*Co-Counsel for Petitioner*

Osborn Maledon PA, Phoenix
By Colin F. Campbell, Eric M. Fraser, Andrew G. Pappas, Gideon Cionelo
*Co-Counsel for Petitioner*

Cohen Dowd Quigley PC, Phoenix
By Cynthia C. Albracht-Crogan, Kaysey Lauren Fung, Alejandra Curiel
*Counsel for Respondents*

---

**OPINION**

Presiding Judge Michael S. Catlett delivered the opinion of the Court, in which Chief Judge Randall M. Howe and Judge D. Steven Williams joined.

---

C A T L E T T, Judge:

¶1        Arizona Rule of Civil Procedure 54(b) allows courts in a civil action to enter judgment as to fewer than all claims or parties. When a court does so, Rule 54(g)(3)—which describes how and when a party should request attorney fees—usually applies. Rule 54(h) then requires the final judgment to reflect a fee award.

¶2        Under Rules 54(b), (g), and (h), entering a civil judgment usually plays out as follows. The court issues a *decision* resolving all claims against a party, while other claims against other parties remain. The successful party does not want to wait for those claims against other parties to conclude before obtaining judgment. So the successful party asks the court to enter judgment under Rule 54(b) and files a proposed form of judgment with a blank space for the court to enter a fee award. That party also moves for attorney fees. After full briefing, the court resolves the fee request. If the circumstances are right, the court then enters a *judgment* with Rule 54(b) language and reflecting fees awarded.

¶3        But courts sometimes enter judgment under Rule 54(b) when no party requests it. And they sometimes do so without awarding attorney fees to the successful party. That happened here. So this special action requires us to decide how and when a successful party must request attorney fees if the court unilaterally enters a Rule 54(b) judgment on all claims asserted against the successful party when claims against other parties remain.

¶4        We conclude Rule 54(g)(3) does not govern here—Rule 54(h)(2)(C) does. When the court unilaterally enters judgment without awarding fees, "a prevailing party seeking costs and/or fees must file a motion to alter or amend the judgment within the time required by Rule 59(d)." Ariz. R. Civ. P. 54(h)(2)(C). Under Rule 59(d), that must usually occur within "15 days after the entry of judgment." Because no such motion was timely filed here, we accept special action jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

¶5          Club West Conservancy ("Club West") sued Shea Homes Limited Partnership, Shea Homes, Inc. (collectively, "Shea Homes"), and the Edge at Club West LLC.  As against Shea Homes, Club West sought a declaration that the Foothills Club West Golf Course must remain a golf course or an open space.  Shea Homes moved for summary judgment.

¶6          On February 14, 2025, the superior court entered a signed minute entry granting Shea Homes' motion, dismissing it from the action, and entering judgment under Rule 54(b).  The judgment said nothing about attorney fees.

¶7          One month later, on March 14, Shea Homes filed a "Notice of Lodging Proposed Form of Final Judgment Pursuant to Ariz. R. Civ. P. 54(b)."  It agreed the court "fully resolved all claims against [it]," but its proposed form of judgment included space for a fee award, which Shea Homes said it would seek "within the time allotted under Rule 54(f) and (g)."

¶8          Club West objected.  It argued that, because the court entered judgment without a proposed form of judgment, Rule 54(h)(2)(C) governed.  Club West contended that Shea Homes had to move to alter or amend the judgment within 15 days after its entry.  Club West argued the only way Shea Homes could extend that deadline was to show under Rule 6(b)(2) that it was not notified of the judgment within 21 days.  And Club West maintained Shea Homes could not make that showing, so its fee request came too late.  Shea Homes responded that its fee request was timely under Rule 54(g), Rule 54(h) does not apply, and the court could allow more time to move to alter or amend the judgment.

¶9          The superior court concluded that, under Rule 54(h)(2)(C), Shea Homes had to move to alter or amend the judgment.  But the court concluded it could, under Rule 6(b)(2), extend the deadline for Shea Homes to do so.  Because Shea Homes showed excusable neglect, the court extended the time for amending the judgment and treated Shea Homes' proposed form of judgment and attorney fee application as a motion to alter or amend the judgment.  Club West petitioned for special action relief.

## JURISDICTION

**¶10**  Arizona Rule of Procedure for Special Actions 2(c) outlines the relief available in a special action. To obtain special action review, a petition must seek relief formerly obtained through the writs of certiorari, mandamus, or prohibition. Ariz. R.P. Spec. Act. 2(c). But even when a special action petition seeks such relief, jurisdiction "may be accepted only if the remedy by appeal is not equally plain, speedy, and adequate." Ariz. R.P. Spec. Act. 2(b)(2); *see also* Ariz. R.P. Spec. Act. 12(a) ("In accepting or declining jurisdiction, the court is determining whether remedy by appeal is equally plain, speedy, and adequate."). And even then, whether we accept special action jurisdiction is discretionary. *Id.*

**¶11**  Club West argues the court's Rule 54(b) judgment is now final. If Club West is correct, then the superior court lacks jurisdiction to alter it under Rule 59(d). *See Preston v. Denkins*, 94 Ariz. 214, 219 (1963) (a superior court lacks jurisdiction to rule on an untimely post-judgment motion); *Egan-Ryan Mech. Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166 (App. 1990) (if a Rule 59 motion is not timely, the court lacks jurisdiction to address it). Special action jurisdiction is appropriate when a party claims the court lacks jurisdiction. *United States v. Super. Ct.*, 144 Ariz. 265, 269 (1985) ("[P]etitioners claim that the respondent trial judge is proceeding with the action in excess of or without jurisdiction, so that special action relief is appropriate."). If Club West is correct that the court is acting without jurisdiction, Club West's only remedy to immediately stop it from doing so is a special action. *See Glenn H. v. Hoskins*, 244 Ariz. 404, 407 ¶ 7 (App. 2018) ("Special action jurisdiction is . . . appropriate to prevent the superior court from acting without jurisdiction."); *see also Westerlund v. Croaff*, 68 Ariz. 36, 41 (1948) ("[A] writ of prohibition lies to prevent an inferior tribunal from acting without or in excess of its jurisdiction.").

**¶12**  The parties also ask us to interpret procedural rules using undisputed facts—a pure legal question. *See Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 201 ¶ 7 (App. 2012) ("[W]hen . . . the special action presents a pure question of law, it is particularly appropriate for us to accept jurisdiction," because "the interpretation and application of a procedural rule like Rule 54(b)" is "solely a question of law"). In recent years, we have often accepted jurisdiction to interpret legal rules. *See, e.g.*, *Yauck v. W. Town Bank & Tr.*, ___ Ariz. ___, ___ 568 P.3d 386, 391 ¶ 16 (App. 2025) (interpreting Civil Rules 64 and 69); *White v. State*, ___ Ariz. ___, ___ 565 P.3d 1062, 1064 ¶¶ 7-8 (App. 2025) (interpreting Criminal Rules 1.5(c) and 26.9); *Kelly v. Blanchard*, 255 Ariz. 197, 200 ¶ 10 (App. 2023) (interpreting Civil Rule 35).

**¶13**        Lastly, the issues here are of first impression, likely to recur, and of statewide importance.  *See* Ariz. R.P. Spec. Act. 12(b)(3)–(4); *Stubblefield v. Trombino*, 197 Ariz. 382, 383 ¶ 2 (App. 2000) (special action jurisdiction is appropriate when an issue will recur).  We accept jurisdiction.

## DISCUSSION

**¶14**        We consider the interplay between three civil rules: Rules 54, 59, and 6.  We interpret court rules de novo.  *Kelly*, 255 Ariz. at 200 ¶ 11.  Like with statutes, interpreting a rule begins with its text.  *Id.*  "If the text of the rule, when read in context, is unambiguous, our interpretative task ends, and we apply the text as written without resorting to other methods of interpretation."  *Id.*  But if not, we may use the rule's subject matter and history, its effects and consequences, and its purpose.  *Id.*

### I.

**¶15**        The superior court entered judgment for Shea Homes under Rule 54(b) without receiving a motion to do so or a proposed form of judgment.  Club West contends that, by doing so, the court resolved all claims by or against Club West.  The judgment, therefore, triggered Rule 54(h)(2)(C) and, to request fees, Shea Homes had to move to amend the judgment within the time limit in Rule 59(d).  Club West argues Shea Homes missed that deadline, so the judgment is final.

**¶16**        Shea Homes responds that its attorney fees request was a separate claim against Club West, and by not resolving that claim, the judgment did not resolve all claims by Club West.  Because the judgment did not do so, Shea Homes argues it did not need to move to amend the judgment and the court could extend the deadline to request fees.

**¶17**        We agree with Club West that the court's Rule 54(b) judgment resolved all claims by or against Club West.  So Shea Homes had to move to amend the judgment under Rule 59(d) within 15 days.  The court could extend that deadline under Rule 6(b)(2), but only if Shea Homes received delayed notice of the judgment.  Shea Homes does not allege delayed notice, and it does not dispute it missed the 15-day deadline.  When that deadline passed, the judgment became final, so the court now lacks jurisdiction to consider Shea Homes' proposed form of judgment and its fee request.  We now explain these conclusions.

**A.**

¶18   Shea Homes needed to move to alter or amend the judgment.

**1.**

¶19   We begin with Rule 54's text. At its outset, Rule 54 differentiates between a judgment and a decision. *See* Ariz. R. Civ. P. 54(a). "[A] 'decision' is a written order, ruling, or minute entry" adjudicating "at least one claim or defense." *Id.* But a "judgment" "includes a decree and any order from which an appeal lies." *Id.*

¶20   When a civil action involves a single plaintiff bringing a single claim against a single defendant, entering judgment is straightforward. But when a civil action involves multiple claims or multiple parties to a side (e.g., one plaintiff and two defendants), entering judgment gets more complicated. In multi-claim or multi-party litigation, the superior court can enter judgment in two scenarios. The first: when the court "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and thinks it should enter judgment before resolving remaining claims. Ariz. R. Civ. P. 54(b). The second: when the court resolves all claims against all parties. Ariz. R. Civ. P. 54(c).

¶21   In neither situation is a decision automatically a judgment. For a decision resolving all claims against all parties to be a judgment, the court must sign it, recite that "no further matters remain pending," and say it "is entered under Rule 54(c)." Ariz. R. Civ. P. 54(c), 58(b)(1). For a decision resolving one or more but fewer than all claims against all parties to be a judgment, the court must sign it, "expressly determine[] there is no just reason for delay," and recite that it "is entered under Rule 54(b)." Ariz. R. Civ. P. 54(b), 58(b)(1). This distinction between a decision and a judgment is important to the timing of fee requests.

**2.**

¶22   Rule 54—in subsections (g) and (h)—discusses five scenarios in which trial courts adjudicate claims, and it describes the method and timing for requesting fees in each.

¶23   The first scenario: the court files a decision resolving all claims against all parties and "judgment is to be entered under Rule 54(c)." Ariz. R. Civ. P. 54(g)(2). There, "any motion for attorney's fees must be filed within 20 days after the decision is filed" or by a later date the court sets. *Id.*

¶24     The second: the court files a decision resolving all claims and liabilities of a party, but other claims remain against other parties. *See* Ariz. R. Civ. P. 54(g)(3)(A). If a party then seeks judgment under Rule 54(b), "a motion for fees must be filed within 20 days after service of the" request seeking a Rule 54(b) judgment or by a later date the court sets. Ariz. R. Civ. P. 54(g)(3)(A)(i).

¶25     The third: like the second, the court files a decision resolving all claims and liabilities of a party, but other claims remain against other parties. Unlike the second scenario, no party seeks a Rule 54(b) judgment or the court declines to enter one. *See* Ariz. R. Civ. P. 54(g)(3)(A)(ii). Here, a party seeking fees must do so "no later than 20 days after any decision" adjudicating "all remaining claims" in the case, or "20 days after the action's dismissal, whichever occurs first." *Id.*

¶26     The fourth: the court files "a decision or judgment adjudicat[ing] fewer than all claims and liabilities of a party[.]" Ariz. R. Civ. P. 54(g)(3)(B). The deadline here is the same as in the third scenario—20 days after a "decision" resolving all remaining claims or the action's dismissal, whichever comes first. *Id.*

¶27     In each of these four scenarios, Rules 54(g)(2) and (3) peg the deadline to request fees to a *decision* date, not a *judgment* date. So, in most circumstances, Rule 54 contemplates a bifurcated process—decision first, judgment second. To ensure that occurs, Rule 54 requires that "claims for attorney's fees and costs must be resolved before any judgment may be entered under Rule 54(b) or (c)." Ariz. R. Civ. P. 54(h)(1)(A).

¶28     We urge courts to use that bifurcated process—the court here did not. Rule 58 allows parties to submit and respond to proposed forms of judgment, *see* Ariz. R. Civ. P. 58(a), and that process is important. It helps ensure all necessary items make it into the judgment. *See* Ariz. R. Civ. P. 54(h)(1)(B). It allows the court to consider the parties' views about whether to enter an interlocutory judgment. And it provides greater clarity about later deadlines, including when to seek attorney fees and to appeal.

¶29     The fifth scenario—that in Rule 54(h)—differs from the first four. Here, "the court enters a judgment under Rule 54(b) or (c) without first receiving a motion for judgment or a proposed form of judgment[.]" Ariz. R. Civ. P. 54(h)(2)(C). Without a bifurcated process, the parties will not have applied for fees and the court will not have awarded them. So, despite Rule 54 urging otherwise, the judgment will not reflect a fee award. *See* Ariz. R. Civ. P. 54(h)(1)(B). The comments to Rule 54 state that instances

when a court "enters a judgment that should include fees or costs without first receiving a motion for judgment or a proposed form of judgment" are "rare." Ariz. R. Civ. P. 54 cmt. (2017). But when those rare instances occur, Rule 54 instructs that "a prevailing party seeking costs and/or fees must file a motion to alter or amend the judgment within the time required by Rule 59(d)." Ariz. R. Civ. P. 54(h)(2)(C).

### 3.

¶30 Which scenario occurred here? Shea Homes answers the fourth (and, at times, the second); Club West answers the fifth. Club West is correct.

### a.

¶31 Everyone agrees the court entered judgment for Shea Homes under Rule 54(b) without a motion for judgment or a proposed form of judgment. Rule 54(h)(2)(C) applies when "the court enters a judgment under Rule 54(b) or (c) without first receiving a motion for judgment or a proposed form of judgment[.]" Ariz. R. Civ. P. 54(h)(2)(C). Rule 54's comment reiterates that subsection applies when "a court enters a judgment that should include fees or costs without first receiving a motion for judgment or a proposed form of judgment." Ariz. R. Civ. P. 54 cmt. (2017). There is no ambiguity here—Rule 54(h)(2)(C) applies. *See Kelly*, 255 Ariz. at 200 ¶ 11 (when a rule's text is clear, we apply it); *In re Washburn*, 2022 WL 839792 *3 ¶ 18 (Ariz. App. Mar. 22, 2022) (mem. decision) (applying Rule 54(h)(2)(C) when "the probate court entered final judgment without having considered attorney fees").

### b.

¶32 But Shea Homes argues its fee request is a stand-alone claim, so the court's judgment did not resolve all its claims against Club West and Rule 54(g)(3)(B) applies. Recall that Rule 54(g)(3)(B) applies when a decision or judgment resolves fewer than all claims and liabilities of a party, and it says a fee request must be made no later than 20 days after a decision adjudicating all remaining claims. Ariz. R. Civ. P. 54(g)(3)(B). Shea Homes claims its fee request remained after the court's judgment because its fee request was a separate claim.

¶33 We do not see it that way. Shea Homes' interpretation would make Rule 54(g)(3)(B) nonsensical. Take this case. Under Shea Homes' view, the court's judgment left a separate claim for attorney fees unresolved. Because it did so, the court had to issue a second decision

resolving that claim before the 20-day deadline to file a fee request would trigger. *See* Ariz. R. Civ. P. 54(g)(3)(B). But Rule 54(g)(3)(B) gives no deadline to resolve remaining claims, so Shea Homes would have had no deadline to seek fees. Only after Shea Homes sought fees and the court resolved that request would the 20-day deadline to seek fees start running. But by then, Shea Homes would have already sought fees. We do not believe, properly interpreted, Rule 54(g)(3)(B) requires the court to resolve a fee request to trigger the deadline to file a fee request. *See France v. Indus. Comm'n*, 250 Ariz. 487, 490 ¶ 13 (2021) ("[We] avoid construing a statute in a manner that leads to an absurd result.").

¶34        The rest of Rule 54 also cuts against Shea Homes' interpretation. *See Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017) ("In construing a specific provision, we look to the statute as a whole[.]"). Again, Rule 54(g) contemplates a bifurcated process where fees are resolved after decisions but before judgment. Rule 54(g)(3)(A) applies when a court issues a decision resolving all claims by or against a party. If a fee request is a separate claim, no single decision could resolve all claims against a single party (the fee claim would always remain), and the 20-day deadline in Rule 54(g)(3)(A) to request fees would not trigger until the court awards fees. Again, the court would need to resolve the fee request to trigger the deadline for a fee request—a strange result.

¶35        On the other hand, Club West's interpretation gives coherent meaning to Rule 54(g) and the role it plays in maintaining order when entering final judgment. Rule 54(g), by its nature, treats a request for fees differently than other claims because that Rule gives the framework for granting fee awards and incorporating them into judgments. Put differently, when determining whether a decision or judgment adjudicates some or all claims in an action, and thus which part of Rule 54(g)'s framework applies, a request for fees is not a separate claim. If a decision resolves *all claims* by or against *all parties*, other than fees, then Rule 54(g)(2) applies. If a decision resolves *all claims* by or against *a party*, other than fees, then Rule 54(g)(3)(A) applies. And if a decision or judgment resolves one or more, but *less than all*, claims against *a party* (other than attorney fees), then Rule 54(g)(3)(B) applies.

¶36        In fact, Rule 54(g)(2) exempts attorney fees requests when determining whether a decision resolves all claims and liabilities. That subsection triggers when "a decision adjudicates all claims and liabilities of all of the parties, *except a claim for attorney's fees*, and judgment is to be entered under Rule 54(c)." Ariz. R. Civ. P. 54(g)(2) (emphasis added). The same consideration applies when a court determines whether its decision

resolves all, or fewer than all, claims under Rule 54(g)(3). We do not think "all claims and liabilities" has one meaning in Rule 54(g)(2) and a different meaning in Rule 54(g)(3). *See In re Drummond*, 257 Ariz. 15, 18 ¶ 5 (2024) (we look at the whole text when construing a specific provision). Instead, excluding an attorney fee request when determining whether a decision resolves all claims and liabilities remains constant throughout Rule 54(g).

¶37 At times, Shea Homes argues Rule 54(g)(3)(A)(i) governs. That subsection applies when "a *decision* adjudicates all claims and liabilities of any party[.]" Ariz. R. Civ. P. 54(g)(3)(A) (emphasis added). Had the superior court filed only a decision in its favor, then Shea Homes would be correct. But the court went further, adding its signature and Rule 54(b) language to its minute entry. By doing so, the court entered a judgment, not a decision, *see* Ariz. R. Civ. P. 54(a) (distinguishing between a "judgment" and a "decision"), and thus Rule 54(g)(3)(A)(i) no longer applied.

¶38 But Shea Homes is correct in this sense: the better practice is to follow the process in Rule 54(g)(3)(A)(i). Rather than entering judgment, the court should have issued a decision. It then should have waited for a party to move for judgment and for Shea Homes to request fees. Once Shea Homes did so, the court could have resolved the fee request and included any award in its final judgment. *See* Ariz. R. Civ. P. 54(g)(3)(A)(i). That would have been the optimal way to proceed because Rule 54(h)(1)(A) requires the court to resolve a fee request before entering judgment under Rule 54(b). And Rule 54(h)(1)(B) requires judgments to include "any award of attorney's fees or costs" "[e]xcept as otherwise allowed by this rule." That exception applies when Rule 54 "expressly allows a motion for fees or request for costs to be deferred." Ariz. R. Civ. P. 54 cmt. (2017). The *only time* Rule 54 does so is in subsection (g)(3)(B), when the court resolves fewer than all claims or liabilities of a party (not including attorney fees). But that did not occur here.

### c.

¶39 Shea Homes also relies on precedent treating attorney fee requests as separate claims. In *Britt v. Steffen*, decided in 2008, we concluded that "Rule 54(b) now treats a claim for attorneys' fees as a separate claim from the decision on the merits of the cause[.]" 220 Ariz. 265, 270 ¶ 22 (App. 2008). We said, "now treats" because, before rules amendments in 1996 and 1999, both our supreme court and this court treated a judgment's silence on a fee request as implicitly denying that request, thus requiring a motion to alter or amend the judgment to request

fees. *See Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 155 Ariz. 27, 31-32 (1987) ("*Mark Lighting II*"); *Monti v. Monti*, 186 Ariz. 432, 436 (App. 1996) (treating a judgment's silence on a fee request as implicitly denying it).

**¶40**       When we decided *Britt* in 2008, Rule 54(g) provided this about the timing for fee requests:

> (2) *Time of Determination*.   When attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause.   The motion for attorneys' fees shall be filed within 20 days from the clerk's mailing of a decision on the merits of the cause, unless extended by the trial court.

*Britt*, 220 Ariz. at 269 ¶ 17.  And, in 1999, our supreme court added this last sentence to Rule 54(b): "For purposes of this subsection, a claim for attorneys' fees may be considered a separate claim from the related judgment regarding the merits of a cause."  *Id.* at 269 ¶ 18.

**¶41**       In *Britt*, we concluded that new last sentence and other rule changes superseded *Mark Lighting II*, which treated a judgment's silence on a fee request as implicitly denying it (those rule changes also necessarily undercut *Monti* and other opinions relying on *Mark Lighting II*).  *Id.* at 270 ¶ 22.  Because attorney fees could be treated as a separate claim, we said the defendants in *Britt* timely moved for fees on the twentieth day after the court filed a signed order—a final judgment—dismissing the case for lack of prosecution.  *Id.*

**¶42**       We should also mention *Trebilcox v. Brown & Bain, P.A.*, 133 Ariz. 588 (1982).  In that case, "the trial court entered summary judgment in favor of Brown & Bain dismissing the Trebilcox counterclaim with prejudice."  *Trebilcox*, 133 Ariz. at 589.  Trebilcox filed a notice of appeal.  *Id.* Brown & Bain moved for attorney fees, but the trial court deferred that request until after trial on the remaining claims.  *Id.*  Following trial, the court entered a second judgment in Brown & Bain's favor for attorney fees.  *Id.*  Trebilcox filed a second notice of appeal.  *Id.*  He then argued in this court that the trial court lacked jurisdiction to award attorney fees.  *Id.*

**¶43**       We agreed: "Brown & Bain's request for attorney's fees was not a separate claim nor" could that "request be fairly characterized as an action in furtherance of the appeal."  *Id.* at 590.  We concluded "that the trial court may not make an award granting attorney's fees pursuant to A.R.S.

§ 12–341.01 where a notice of appeal has been filed from the underlying contract claim upon which the award is based." *Id.* at 591.

**¶44** Like *Mark Lighting II*, *Trebilcox* became obsolete in 1999, when our supreme court added the "separate claim" sentence to Rule 54(b). In fact, the comments to the 1999 revision make this clear: "This amendment changes the result in *Trebilcox . . .* which interpreted the prior version of Rule 54(b)." Ariz. R. Civ. P. 54 cmt. (1999).

**¶45** Just as the 1996 and 1999 amendments undercut *Mark Lighting II*, *Monti*, and *Trebilcox*, the 2017 amendments undercut *Britt*. In 2014, our supreme court formed a task force to restyle the civil rules. *See* Ariz. Supr. Ct. Admin. Ord. 2014-116. The task force proposed deleting the last sentence in Rule 54(b) treating attorney fees as separate claims. *See* Ariz. R. Pet. No. R-16-0010, Task Force Pet. App'x C at 39. In proposing that deletion, the task force explained that "[t]his sentence was added to the rule in 1999 to allow a trial court to certify a final judgment under Rule 54(b) without first determining fees, changing the result in *Trebilcox*[.]" *Id.* The task force proposed deleting the last sentence because its revisions "limit[] the circumstances in which a final judgment may be entered without first determining fees," so "this issue should arise less frequently." *Id.* Instead, "[s]ubdivision (i)(2) would be added to incorporate the substance of the last sentence of current Rule 54(b)," so a court could award fees only when a Rule 54(b) judgment "adjudicates fewer than all the claims or liabilities of a party[.]" *Id.* at 42.

**¶46** The task force also proposed amending Rule 54(h)(3) to provide that, if the court enters final judgment without awarding fees, the successful party must move "to alter or amend the judgment within the time required by Rule 59(d)." *See* Ariz. R. Pet. No. R-16-0010, Task Force Amend. Pet. App'x A at 205. The task force explained that amendment would clarify that "a judgment omitting . . . costs or fees will be final for purposes for appeal, unless a timely motion to alter or amend the judgment is filed." *See* Ariz. R. Pet. No. R-16-0010, Task Force Amend. Pet. at 10.

**¶47** Our supreme court adopted the task force's proposals. It deleted the last sentence in Rule 54(b) and amended Rule 54(h) to require a motion to alter or amend if the trial court enters a judgment without resolving attorney fees. Ariz. R. Pet. No. R-16-0010, Order 09/02/2016, at Att. A at 155, 158.

**¶48** With those changes, Rule 54 no longer treats attorney fee requests as separate claims. Instead, the trial court retains jurisdiction to

award fees only when its decision or judgment resolves fewer than all claims and liabilities (other than attorney fees) against a party. *See* Ariz. R. Civ. P. 54(g)(3)(B), 54(i)(2). That exception is where our supreme court parked the substance of the now-deleted "separate claim" sentence. *See supra* ¶¶ 45, 47. In all other circumstances, the trial court must resolve fee requests before entering judgment under Rule 54(b) or (c) and include a fee award in the judgment. *See* Ariz. R. Civ. P. 54(h)(1). If the court does not, a party seeking fees must move to alter or amend the judgment; otherwise, the judgment is final. *See* Ariz. R. 54(h)(2)(C); Ariz. R. Civ. P. 54 cmt. (2017) ("Absent a timely motion under Rule 59(d), a judgment omitting fees or costs will be final for purposes of appeal.").

**¶49** *Britt* followed a different path. The trial court in *Britt* omitted a fee award in a final judgment resolving all claims (other than attorney fees). Under the current regime, that final judgment would need to include a fee award. *See* Ariz. R. Civ. P. 54(c), (h)(1)(B). And after omitting such an award, the *Britt* defendants would now need to move to alter or amend the judgment. *See* Ariz. R. Civ. P. 54(h)(2)(C). But, in *Britt*, we concluded the court retained jurisdiction to award fees. *See* 220 Ariz. at 270 ¶ 22. We relied mainly on the last sentence in the prior version of Rule 54(b) treating a fee request as a separate claim. *See id.* Although *Britt*'s analysis was correct when decided, the last sentence in Rule 54(b) no longer exists and the fee issue would now come out differently. So *Britt* does not help Shea Homes.

**¶50** Shea Homes also relies on *A Miner Contracting Inc. v. Safeco Ins. Co. of America.* *See* 2021 WL 4477441 (Ariz. App. Sept. 30, 2021) (mem. decision). There, we concluded the trial court did not err by entering two judgments because a claim for fees may be considered a separate claim. *Id.* at *9 ¶¶ 45-46. As an unpublished decision, *A Miner Contracting* is not binding—it applies only if it persuades. *See* Ariz. R. Sup. Ct. 111(c)(1)(C). On the fees issue, it does not. In allowing the trial court to treat attorney fees as a separate claim, we quoted an opinion relying on the then-deleted, separate-claim language in Rule 54(b). *A Miner Contracting Inc.,* 2021 WL 4477441 at *9 ¶ 46 (quoting *Fields v. Oates*, 230 Ariz. 411, 414 ¶ 10 (App. 2012)). So *A Miner Contracting* is unpersuasive.

**¶51** To sum up, after the court entered judgment like it did, neither Rule 54(g)(3)(A)(i) nor Rule 54(g)(3)(B) applied. Instead, Rule 54(h)(2)(C) required Shea Homes to "file a motion to alter or amend the judgment within the time required by Rule 59(d)." And, absent Shea Homes timely moving to amend it, the judgment became final and the court lost jurisdiction. *See* Ariz. R. Civ. P. 54 cmt. (2017) ("Absent a timely motion

under Rule 59(d), a judgment omitting fees or costs will be final for purposes of appeal."); Ariz. R. Civ. P. 54(i)(2)(B) (the court retains jurisdiction to award fees only "[i]f a judgment certified under Rule 54(b) adjudicates fewer than all of the claims and liabilities of any party").

**B.**

**¶52**　　　　Shea Homes did not timely move to alter or amend the judgment.

**1.**

**¶53**　　　　When (as here) Rule 54(h)(2)(C) applies, a party seeking fees after judgment must move to alter or amend the judgment "within the time required by Rule 59(d)." Ariz. R. Civ. P. 54(h)(2)(C). So we now turn to Rule 59(d). That subsection says, "A motion to alter or amend a judgment must be filed no later than 15 days after the entry of judgment." Ariz. R. Civ. P. 59(d).

**¶54**　　　　The court entered Rule 54(b) judgment on February 14, 2025. Shea Homes did not move to alter or amend the judgment. But the court treated Shea Homes' proposed form of judgment as a motion to alter or amend. Even assuming that treatment was correct, Shea Homes did not file its proposed form of judgment until March 14, 2025, which was 28 days after the court's judgment—outside the 15-day period in Rule 59(d).

**2.**

**¶55**　　　　There is one exception to Rule 59(d)'s 15-day deadline. The court may extend the deadline "as allowed by Rule 6(b)(2)." Ariz. R. Civ. P. 59(d).

**¶56**　　　　Under Rule 6(b)(2), the court may extend the time to move to alter or amend the judgment "for 10 days after the entry of the order extending the time" when three requirements are met. As applied to a motion to alter or amend a judgment under Rule 59(d), those three requirements are as follows. First, the court must find that neither the clerk nor any party notified the moving party within 21 days that the court entered judgment. Ariz. R. Civ. P. 6(b)(2)(B). Second, the moving party must ask for an extension within 45 days after judgment or 7 days after receiving notice of the judgment, whichever is earlier. *See* Ariz. R. Civ. P. 6(b)(2)(A). And third, the court must find that an extension will cause no prejudice to any party. Ariz. R. Civ. P. 6(b)(2)(C).

**¶57** The superior court read Rule 6(b)(2) as applying only when the court already gave more time to move to alter or amend the judgment and the moving party seeks a second extension. That misreads the Rule. Instead, Rule 6(b)(2) unambiguously applies any time the court "extend[s] the time to act under" Rule 59(d), requires that all three conditions in the Rule exist, and caps any extension at "10 days after the entry of the order extending the time[.]" Ariz. R. Civ. P. 6(b)(2).

**¶58** Shea Homes concedes that if Rule 6(b)(2) applies, it cannot satisfy its conditions. That concession is correct. The clerk notified Shea Homes about the judgment when the court entered it. Without Rule 6(b)(2), Shea Homes had to ask the court to amend the judgment within 15 days. It did not do so. The judgment is now final and the court can no longer amend it. *See* Ariz. R. Civ. P. 54 cmt. (2017) ("Absent a timely motion under Rule 59(d), a judgment omitting fees or costs will be final for purposes of appeal.").

## II.

**¶59** Shea Homes seeks attorney fees and costs under A.R.S. §§ 12-341 and 12-341.01, and Club West seeks attorney fees under § 12-341.01. We deny Shea Homes' request because it is not a successful party. In our discretion, we also deny Club West's request. *See Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 284 (App. 1997).

## CONCLUSION

**¶60** We accept jurisdiction and grant relief. Shea Homes did not timely move to alter or amend the judgment. The judgment is final, and the superior court lacks jurisdiction. We vacate the court's order treating Shea Homes' form of judgment as a motion to alter or amend the judgment. We deny as moot Club West's request for oral argument.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR